THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DEMECO D. HILL, Defendant-Appellant.

Fourth District    No. 4—02—0880

Opinion filed January 30, 2004.—Rehearing denied April 1, 2004.

Michael J. Pelletier and Joshua Moshe Bernstein, both of State Appellate Defender's Office, of Chicago, for appellant.

Scott Rueter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE APPLETON delivered the opinion of the court:

Defendant, Demeco D. Hill, appeals his conviction of attempt (armed robbery), arguing it should be reduced to attempt (robbery) because the evidence was insufficient to prove he was armed with a dangerous weapon during the attempted robbery of the Prairie Pantry. We affirm.

## I. BACKGROUND

On August 22, 2001, defendant was charged by information with attempt (armed robbery) in violation of section 18—2 of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/8—4(a), 18—2 (West 2000)) and aggravated fleeing or attempting to elude a police officer in violation of section 11—204.1 of the Illinois Vehicle Code (625 ILCS 5/11—204.1 (West 2000)). The charges stem from an attempted robbery at the Prairie Pantry in Decatur on August 19, 2001. According to the police report, two black males, later identified as defendant and Shannon Garry, entered the store. Defendant displayed a chrome automatic handgun while Garry went behind the counter and attempted to retrieve money out of the cash register. In the store at the time were the store owner and a friend. A customer entered the store while the robbery was in progress. The friend left the store and called for help. The suspects ran from the location without taking any money. After a high-speed vehicular chase and a foot chase by the police, defendant and Garry were apprehended and later identified by the witnesses.

The testimony from defendant's bench trial is summarized below only to the extent necessary to this disposition. Edward L. Garver, Jr., testified that he was in the Prairie Pantry on the morning of August 19, 2001, visiting with his friend, the owner of the store, Larry Franz. Two men entered, one brandishing a pistol, and tried to rob the store. Garver described the gun as "silver, sort of like a .45." He remembered that the gun was cocked. He testified that the two men entered the store through the back door and proceeded to the cash register. They were having difficulty opening the register. While the two men were preoccupied, Garver ran out the door to call the police.

Larry Franz, the owner of the Prairie Pantry, testified to events largely consistent with those testified to by Garver. Franz described the gun used as "silver or chrome-colored and it was—had a long bar-

rel on it." He particularly recalled the long chrome barrel because it was pointed directly at him.

David Smith testified that on the day of the robbery he had stopped at Prairie Pantry to buy some cigarettes on his way home from work. Smith walked into the store while the robbery was in progress. One of the robbers shouted at Smith to get on the floor. Smith turned around, thinking it was a joke, and one of the men stuck a gun in his side. Smith testified that he was not familiar with guns, but described the one pointed at him as a "nickel-plated automatic."

On July 17, 2002, the trial court found defendant guilty of both charges. The trial court denied defendant's motion for a new trial. On September 6, 2002, defendant was sentenced to 15 years in prison on the attempt charge and 3 years in prison on the fleeing-and-eluding charge. This appeal followed.

## II. ANALYSIS

Defendant argues the State failed to prove beyond a reasonable doubt that he was armed with a dangerous weapon during the commission of the robbery. He claims that since the gun he was carrying was inoperable, it could not be classified as a "dangerous weapon" within the meaning of section 18—2 of the Criminal Code (720 ILCS 5/18—2 (West 2000)). He contends the underlying offense of his attempt conviction should be changed from armed robbery to robbery. We disagree.

Defendant primarily relies upon the Illinois Supreme Court's decision in *People v. Skelton*, 83 Ill. 2d 58, 414 N.E.2d 455 (1980), which held that the characteristics of a "dangerous weapon" should be analyzed under an objective test to determine its true danger to others. In *Skelton*, the toy or replica gun used by the defendant was too light and too small to be used as a bludgeon and did not fire pellets or blank shells. The court found the gun was not a weapon that likely would cause serious injury and was therefore not a "dangerous weapon" within the meaning of the armed robbery statute. *Skelton*, 83 Ill. 2d at 66-67, 414 N.E.2d at 458. Defendant's reliance on *Skelton*, and the other cases cited in his brief, is misplaced in that all were decided prior to the amendment of the armed robbery statute.

Prior to the enactment of Public Act 91—404, which became effective on January 1, 2000 (Pub. Act 91—404, § 5, eff. January 1, 2000 (1999 Ill. Laws 5126, 5134)), section 18—2(a) of the Criminal Code read as follows:

"Armed robbery. (a) A person commits armed robbery when he or she violates [s]ection 18—1 while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon." 720 ILCS 5/18—2 (West 1998).

The cases cited by defendant in support of his argument, and those cited by the State, for that matter, were decided under this version of the statute—the preamendment version where proof of a "dangerous weapon" was required.

The armed robbery statute in effect on August 19, 2001 (the date of the commission of the robbery here), provides in pertinent part as follows:

"Armed robbery.
(a) A person commits armed robbery when he or she violates [s]ection 18—1; and
(1) he or she carries on or about his or her person or is otherwise armed with a dangerous weapon other than a firearm; or
(2) he or she carries on or about his or. her person or is otherwise armed with a firearm[.]" 720 ILCS 5/18—2 (West 2000).

We reject defendant's argument that the evidence was insufficient to prove him guilty of the underlying offense of armed robbery for three reasons. First, defendant has not properly preserved his argument for the purposes of appeal. We cannot discern from the record that the gun defendant was carrying during the robbery was incapable of being fired as defendant suggests. No evidence in the record positively indicates that the gun was in fact inoperable or what made it inoperable. A suggestion to that effect made by defendant's counsel during his cross-examination of Franz is insufficient to prove the same.

Second, evidence was sufficient to prove the firearm could have been used as a dangerous weapon, even assuming it was inoperable, within the meaning of section 18—2(a)(1) of the Criminal Code (720 ILCS 5/18—2(a)(1) (West 2000)). Garver, Franz, and Smith all testified that the gun was a chrome or nickel-plated automatic pistol. In particular, Franz described it as having a long, chrome barrel. No evidence was introduced to suggest that this gun was incapable of being used as a bludgeon—that it was either too small or too light to cause serious injury to anyone. Thus, the evidence was sufficient to find defendant guilty of armed robbery for carrying a dangerous weapon as proscribed by section 18—2(a)(1) (720 ILCS 5/18—2(a)(1) (West 2000)).

Finally, we find the evidence sufficient to find defendant guilty of attempt (armed robbery) for carrying a firearm as proscribed by section 18—2(a)(2) (720 ILCS 5/18—2(a)(2) (West 2000)). As explained above, the recent amendment to the armed robbery statute added subsection (a)(2), which deleted the requirement of proof of a "danger-

ous weapon" when the defendant is armed with a firearm. We look to the definition of "firearm" to discern whether an otherwise inoperable handgun qualifies.

Pursuant to section 2—7.5 of the Criminal Code (720 ILCS 5/2—7.5 (West 2000)):

> "Except as otherwise provided in a specific [s]ection, 'firearm' has the meaning ascribed to it in [s]ection 1.1 of the Firearm Owners Identification Card Act."

Section 1.1 of the Firearm Owners Identification Card Act (FOID Act) (430 ILCS 65/1.1 (West 2000)) provides:

> " 'Firearm' means any device, by whatever name known, which is designed to expel a projectile or projectiles by the action of an explosion, expansion of gas or escape of gas; excluding, however:
>
> > (1) any pneumatic gun, spring gun, paint ball gun[,] or B-B gun ***;
> >
> > (2) any device used exclusively for signalling or safety and required or recommended by the United States Coast Guard or the Interstate Commerce Commission;
> >
> > (3) any device used exclusively for the firing of stud cartridges, explosive rivets or similar industrial ammunition; and
> >
> > (4) an antique firearm (other than a machine-gun) which *** is primarily a collector's item and is not likely to be used as a weapon."

According to the above definitions, the focus is on the intended purpose of the firearm based upon its *design*, not the current status of its ability to be used as intended. As such, the evidence here, which indicated that defendant was armed with a "nickel-plated automatic" handgun, was sufficient to qualify as a "firearm" within the meaning of section 1.1 of the FOID Act despite defendant's contention that it was inoperable. Therefore, pursuant to section 18—2(a)(2) of the Criminal Code (720 ILCS 5/18—2(a)(2) (West 2000)), we find the trial court did not err in convicting defendant of attempt (armed robbery).

Even though the State in its charging document did not allege the violation of a particular subsection of the armed robbery statute, nor in its brief on appeal rely upon the language of the current section 18—2, we affirm based upon the record before us. See *People v. Cox*, 202 Ill. 2d 462, 472, 782 N.E.2d 275, 281 (2002) (a court of review can affirm on any basis supported by the record). Defendant's conviction of attempt (armed robbery) is affirmed.

## III. CONCLUSION

Based upon the foregoing, we affirm defendant's conviction.

Affirmed.

KNECHT, P.J., and TURNER, J., concur.