# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Barnett*, 2011 IL App (3d) 090721

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DENARIUS BARNETT, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3–09–0721 |
| Filed | June 27, 2011 |
| Rehearing Denied | August 3, 2011 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | On appeal from defendant's conviction and sentence for armed robbery arising from his prosecution on a one-count indictment charging that he committed armed robbery by taking property "while armed with a dangerous weapon, a handgun," his conviction and sentence were reversed and the cause was remanded to the trial court with directions to enter a judgment of acquittal for the charged violation of section 18–2(a)(2) of the Criminal Code and the vacation of his sentence, notwithstanding the State's contention that a conviction should be entered on the lesser offense of simple robbery, since the State elected to proceed with an all-or-nothing approach, the indictment charged only a violation of section 18–2(a)(2) based on the use of a firearm, and the jury's finding that defendant was guilty of a violation of section 18–2(a)(1) based on the use of a dangerous weapon other than a firearm was not a lesser included offense of a violation of section 18–2(a)(2), and the jury's specific and special finding that the State did not prove a necessary element of the only indicted offense, the use of a firearm in the commission of a robbery should be enforced. |

| | |
|---|---|
| Decision Under Review | Appeal from the Circuit Court of Peoria County, No. 09–CF–412; the Hon. Michael E. Brandt, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | John M. McCarthy (argued), of State Appellate Defender's Office, of Springfield, for appellant. |
| | Kevin W. Lyons, State's Attorney, of Peoria (Terry A. Mertel and Justin A. Nicolosi (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE WRIGHT delivered the judgment of the court, with opinion. Justices McDade and O'Brien concurred in the judgment and opinion. |

## OPINION

¶ 1    At the close of evidence in this case, both the State and defense objected to the court providing the jury with instructions pertaining to any lesser included offense related to the single-count indictment. Consequently, the jury received instructions from the court directing the jury to deliberate on a single criminal violation of section 18–2(a)(2) of the Criminal Code of 1961 (720 ILCS 5/18–2(a)(2) (West 2008)) and sign one verdict form. Following deliberations, the jury signed one verdict form finding defendant "guilty of armed robbery," but as instructed, also signed an additional form specially finding the State failed to prove beyond a reasonable doubt that defendant was armed with a firearm during the commission of this armed robbery.

¶ 2    On appeal and pursuant to supplemental briefs allowed by this court, defendant argues the jury's special finding, indicating the State did not prove the element related to a firearm, constituted an acquittal of the only charged violation of the armed robbery statute. We agree. Accordingly, defendant's conviction for armed robbery cannot be upheld or reduced to a lesser included offense under the circumstances of this case. We reverse defendant's conviction and sentence, and the cause is remanded to the trial court with directions.

¶ 3                                             FACTS
¶ 4    On May 5, 2009, a Peoria County grand jury issued a one-count bill of indictment which alleged that on April 7, 2009, defendant committed the offense of armed robbery in that

"while armed with a dangerous weapon, a handgun, did take property being a wallet and it's [*sic*] contents from the person or presence of Phillip Jones by threatening the imminent use of force in violation of 720 ILCS 5/18–2(a)(2)." Defendant's jury trial began on July 14, 2009.

¶ 5    The State presented the testimony of Phillip Jones, Harold Allen, Officer Jason Spanhook, Kimberly Whittles, and Anthony Rickard, and the videotaped interviews of Kimberly Whittles and Anthony Rickard conducted by Detectives Aaron Watkins and Shannon Walden. Jones testified that in the late afternoon of April 7, 2009, defendant and another man approached him as he was walking down the street. According to Jones, defendant pointed a gun at him, and one of the men reached into his pocket and removed his wallet. During cross-examination, Jones acknowledged that he did not know much about guns and stated that defendant could have had either a gun or a BB gun. He did not know.

¶ 6    Allen testified that on April 7, 2009, he observed two men jump out of the backseat of a car that stopped in the parking lot of his apartment building. He thought this was odd, so he wrote down the license plate number. A few minutes later, he saw the police in the area and provided the police with the license plate information.

¶ 7    Officer Jason Spanhook testified that he received the license plate information from Allen and that on the next day, another officer stopped the vehicle in Peoria and it contained four occupants, including defendant. Spanhook searched the vehicle but did not find a firearm or other gun, but did find a spent shell casing. Spanhook was not aware of the police ever recovering a handgun in this case.

¶ 8    The State played the videotaped interviews of Whittles and Rickard. In the videotape, Whittles told the police that she, defendant, Jeremy Barnett and Anthony Rickard were looking for money on April 7, 2009, and that Jeremy (Barnett) decided to rob someone. According to Whittles, Jeremy and defendant exited the car she was driving after she stopped in a parking lot. Later, the two men came running back to the car carrying a wallet that contained $60. Whittles stated defendant had a gun at the time. Rickard's interview provided a similar account, although Rickard did not see a gun but believed Jeremy had a gun.

¶ 9    Defendant testified on his own behalf. He denied being with Whittles and Rickard on the day in question and denied participating in the robbery. In rebuttal, the State offered into evidence certified convictions showing defendant previously committed the offenses of unlawful delivery of a controlled substance and unlawful possession of a controlled substance.

¶ 10    At the conclusion of the evidence, the trial court conducted a jury instruction conference with the attorneys. Before closing arguments, defense counsel indicated to the trial judge that he wanted to speak with defendant regarding the possibility of requesting an instruction on the lesser included offense of robbery. The prosecutor indicated that she objected to any instruction on a lesser included offense and stated the only offense that would qualify as a lesser included offense would be aggravated robbery (720 ILCS 5/18–5 (West 2008)).

¶ 11    After a brief recess, defense counsel advised the court that defendant did not wish to request a lesser included instruction. The court stated that it agreed with the State that the lesser included offense would be aggravated robbery (720 ILCS 5/18–5 (West 2008)) and

that an instruction for aggravated robbery would be proper in the case in light of the evidence presented. However, the court would not give that instruction since defendant did not want an instruction on a lesser offense provided to the jury.

¶ 12   Following the conference on instructions, the court allowed the State's instruction No. 6 over defendant's objection which provided:

> "The State has also alleged that during the commission of the offense of Armed Robbery the defendant or one for whose conduct he is legally responsible was armed with a *firearm.*
>
> The defendant has denied the allegation." (Emphasis added.)

The court also gave the State's instruction No. 17, without objection, which defined the armed robbery violation as follows:

> "A person commits the offense of Armed Robbery when he, while carrying on or about his person, or while otherwise armed with a *dangerous weapon*, knowingly takes property from the person or presence of another by the use of force or by threatening the imminent use of force." (Emphasis added.)

The court also allowed the State's instruction No. 18, over defendant's objection. This issues instruction advised the jury regarding the three propositions which the State had to prove beyond a reasonable doubt in order for the jury to find defendant guilty of the alleged violation of the armed robbery statute. This instruction included the proposition of whether:

> "defendant or one for whose conduct he is legally responsible carried on or about his person a *dangerous weapon* or was otherwise armed with a *dangerous weapon* at the time of the taking." (Emphasis added.)

Following its deliberations, the jury signed a written guilty verdict as directed by this instruction.

¶ 13   The court also allowed the State's instruction No. 19, over defendant's objection. State's instruction No. 19 requested the jury to make a special finding, regarding whether "during the commission of the offense of Armed Robbery the defendant or one for whose conduct he is legally responsible was armed with a *firearm.*" (Emphasis added.)

¶ 14   The court allowed the State's instruction No. 21, over defendant's objection, which provided, in part, that if the jury found defendant guilty of armed robbery, the jury:

> "should then go on with your deliberation to decide whether the State has proved beyond a reasonable doubt the allegation that during the commission of the offense of Armed Robbery the defendant or one for whose conduct he is legally responsible was armed with a *firearm.*" (Emphasis added.)

Following its deliberations, the jury signed the form indicating the State's evidence did not prove the object was a firearm beyond a reasonable doubt.

¶ 15   During deliberations, the jurors sent a note to the court which indicated that the jurors were "divided on the issue of a gun" and wondered if they could view the Anthony Rickard's entire video to gain some clarity. The trial court answered the jurors' question by telling them to consider the testimony and exhibits received in court after reviewing the written instructions of law.

¶ 16    Following deliberations, the jury foreperson announced the jury found defendant guilty of armed robbery. The foreperson then said that "[t]here's a second charge" and stated that the jury found "the allegation that during the commission of the offense of armed robbery the Defendant or one for whose conduct he is legally responsible was armed with a firearm was not proven."

¶ 17    On August 13, 2009, defendant filed a written motion for judgment notwithstanding the verdict or alternatively for a new trial. Defendant claimed that the State did not prove him guilty beyond a reasonable doubt and that the jury findings were legally inconsistent.

¶ 18    On September 3, 2009, the trial court conducted a hearing on defendant's posttrial motion. Defense counsel argued that the evidence suggested a "handgun," but the jury found that the State failed to prove that defendant was armed with a "firearm." Defense counsel argued that this finding was inconsistent with the jury's guilty verdict, which indicated the State proved beyond a reasonable doubt that defendant carried "a dangerous weapon," especially since the only evidence at trial of a "dangerous weapon" was that the victim believed defendant had a "firearm." Defense counsel argued that once the jury found the State failed to prove the object was "a firearm beyond a reasonable doubt," there was "simply a scarcity of evidence upon which this verdict [could] be sustained." In response, the prosecutor argued that the jury's verdicts were not inconsistent.

¶ 19    The trial court found that the jury's special finding did not negate the jury's separate verdict finding that defendant was guilty of armed robbery. The trial court denied defendant's motion for judgment notwithstanding the verdict and defendant's alternative request for a new trial.

¶ 20    After considering the relevant factors in mitigation and aggravation, the court stated that defendant was found guilty of the offense of armed robbery, "a Class X felony," and sentenced defendant to 17 years in prison. The trial court also entered a document entitled "Judgment–Sentence to Illinois Department of Corrections," which indicated that the court sentenced defendant for the offense of armed robbery in violation of "720 ILCS 5/18–2(a)(2)." The trial court denied defendant's motion to reconsider sentence on September 9, 2009. The court directed the clerk of the court to file a notice of appeal on defendant's behalf.

¶ 21                                        ANALYSIS

¶ 22    On appeal, defendant initially argued that the State failed to prove beyond a reasonable doubt that defendant committed the offense of "Armed Robbery" once the jury rejected the State's allegation that defendant committed this offense while "armed with a firearm." Consequently in his initial brief, defendant requested this court to reduce his conviction to robbery and remand to the trial court for resentencing.

¶ 23    In its initial brief, the State responded that the jury's special finding was of no consequence since the jury heard sufficient evidence to support a conclusion that the handgun was a "real gun." Thus, initially the State requested this court to affirm defendant's armed robbery conviction based on the use of a firearm. Alternatively, in its initial brief, the State requested this court to reduce the offense to robbery "as it is the only applicable lesser-

included offense of armed robbery."

¶ 24 During oral arguments on appeal, this court encouraged the parties to submit additional authority regarding whether the jury's special finding constituted an acquittal of the only charged statutory violation, thereby prohibiting any subsequent conviction and sentence for armed robbery. Both parties submitted supplemental authority and written argument to address this court's concerns following oral arguments.

¶ 25 Defendant's supplemental brief argued that defendant was acquitted by the jury's explicit finding that the State did not prove defendant was "Armed with a Firearm" during the commission of the charged crime. Defendant's supplemental brief also asserted that the jury was improperly instructed on the elements of a violation pertaining to section 18–2(a)(2).

¶ 26 The State submitted additional authority asserting defendant failed to raise the acquittal issue in his original brief and thereby forfeited review of this contention. Alternatively, the State argued that the jury's guilty verdict should be viewed by this court as an armed robbery conviction based on a lesser offense set out in section 18–2(a)(1) of the Criminal Code of 1961 (720 ILCS 5/18–2(a)(1) (West 2008)). In addition, the State's supplemental argument renews the State's initial request for this court to exercise our discretionary authority by reducing defendant's conviction to simple robbery.

¶ 27 First, we address the State's waiver claim resulting from defendant's failure to raise "any issue concerning the discrepancies between the charging instrument and the jury instructions" in defendant's original brief on appeal. The State claims that since these issues were not raised in the original brief, defendant cannot raise those issues in a reply brief, oral argument or a petition for rehearing. See Ill. S. Ct. R. 341(h)(7) (eff. Sept. 1, 2006).

¶ 28 We agree with the State's contention that the defense forfeited the issues regarding acquittal, the discrepancies in the charging instrument, and the improper jury instructions. However, it is well established that "[t]he waiver rule is one of administrative convenience rather than jurisdiction." *People v. Smith*, 106 Ill. 2d 327, 333 (1985). Waiver does not serve as an impediment that prevents a reviewing court from considering certain errors made at trial. *People v. Lann*, 261 Ill. App. 3d 456, 470 (1994). Due to the significance of the issue regarding acquittal and in the interest of judicial economy, we elect to consider whether the jury's special finding created a conviction for a lesser included offense or resulted in an acquittal of the alleged violation of the armed robbery statute based on section 18–2(a)(2).

¶ 29 In this case, the jury signed both a guilty verdict for armed robbery and a special finding that the State's evidence did not prove a firearm was used during that armed robbery. Thus, it is helpful to review the instructions provided to the jury by the court. We quickly review the language of these instructions only for the purpose of considering the significance of the jury's written, factual determinations due to those instructions and not as a reason to allow a new trial based on potentially erroneous jury instructions.

¶ 30 The State's instruction No. 18 directed the jury to first decide if a "dangerous weapon" was used during the "taking" resulting in an armed robbery. After deciding that an armed robbery occurred premised upon the use of a dangerous weapon, the jury signed a guilty verdict as directed by the issues instruction. Then, the State's instructions Nos. 19 and 21 directed the jury to next determine whether the State proved the use of a "firearm" beyond

a reasonable doubt. Following the directive in the State's instructions Nos. 19 and 21, the jury also signed a special finding form that stated: "We, the jury, find the allegation that during the commission of the offense of Armed Robbery the defendant or one for whose conduct he is legally responsible was armed with a firearm was not proven."

¶ 31    On appeal, the State asserts that even though defendant was not charged with violating section 18–2(a)(1) in the indictment, the armed robbery conviction and sentence imposed by the trial court should stand, in spite of the special finding by the jury, because the jury signed a guilty verdict and a violation of section 18–2(a)(1) is a lesser included violation of section 18–2(a)(2). The State submits that either violation gives rise to a conviction for the same offense, armed robbery.

¶ 32    The State's request to affirm the armed robbery conviction in this case requires a careful review of the armed robbery statute that became effective on January 1, 2000, with the passage of Public Act 91–404. See Pub. Act 91–404, § 5 (eff. January 1, 2000) (amending 720 ILCS 5/18–2) (Armed Robbery) (the Act). For the convenience of the reader, the relevant portions of the armed robbery statute, applicable at the time of this alleged armed robbery, are set forth below:

"§ 18–2. Armed robbery.

(a) A person commits armed robbery when he or she violates Section 18–1; and

    (1) he or she carries on or about his or her person or is otherwise armed with a *dangerous weapon other than a firearm*; or

    (2) he or she carries on or about his or her person or is otherwise armed with a *firearm*[.]***

* * *

(b) Sentence.

    Armed robbery in violation of subsection (a)(1) is a Class X felony. A violation of subsection (a)(2) is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court." (Emphasis added.) 720 ILCS 5/18–2(a), (b) (West 2008).

The armed robbery statute requires the State to prove all the elements codified in the numerical subsection of the statute alleged to have been violated in order to support an armed robbery conviction.

¶ 33    However, enhanced sentences are not set out in the armed robbery statute. Based on this statute, the minimum sentence for armed robbery is never enhanced by special findings determined by the trier of fact, other than those findings of fact directly related to the specific elements of the underlying criminal charge. See 720 ILCS 5/18–2(b) (West 2008). Rather, the minimum sentence for armed robbery is dictated by the statutory elements set out in the numerical subsection or subsections of the armed robbery statute that the State *elects* to prove at trial.

¶ 34    Had the State elected to obtain a two-count indictment in this case, separately alleging a violation of section 18–2(a)(1) (dangerous weapon other than a firearm) and a separate violation of section 18–2(a)(2) (firearm), the issues at hand would all but disappear. Instead

of setting out a two-count indictment, the State elected to obtain a single-count indictment that simultaneously described the object as both a dangerous weapon and a handgun, arguably merging certain elements of a violation of section 18–2(a)(1) with other elements unique to a violation of section 18–2(a)(2) into one alleged, hybrid armed robbery violation.

¶ 35 Following the submission of supplemental authority, the State does not take issue with the fact that this hybrid language charged defendant with only a violation of section 18–2(a)(2).[1] Nonetheless, the State now contends that the existing conviction and sentence should be upheld by this court as a violation of section 18–2(a)(1), a lesser included offense of the charged violation.

¶ 36 Consequently, we will first consider whether a violation of section 18–2(a)(1) (dangerous weapon other than a firearm) constitutes a lesser included offense of the charged violation based on section 18–2(a)(2) (firearm). Then we will determine whether a conviction for any lesser offense should be imposed following the jury's determination that the State did not prove an element of the only criminal violation presented to the jury for deliberations.

¶ 37 The case law provides that a lesser included offense is defined as an offense which contains some, but not all, of the elements of the greater offense and which contains no element not included in the greater. *People v. Cramer*, 85 Ill. 2d 92, 97 (1981). When comparing the elements of an armed robbery violation pursuant to section 18–2(a)(1) to the elements of an armed robbery violation pursuant to section 18–2(a)(2), it becomes obvious that section 18–2(a)(1) contains the additional element of dangerousness, not required by section 18–2(a)(2). *People v. Toy*, 407 Ill. App. 3d 272, 291-92 (2011).

¶ 38 Moreover, the language of the current statute clearly demonstrates that a violation under section 18–2(a)(1) and one under section 18–2(a)(2) are mutually exclusive of each other. If an offender is charged with a violation of the armed robbery statute based on using a "dangerous weapon" of any kind, that weapon cannot be "a firearm." 720 ILCS 5/18–2(a)(1) (West 2008). Similarly, if an offender is charged with a violation of the armed robbery statute predicated on a "firearm," proof that the condition of the firearm made it a "dangerous weapon" is not required as an element of that violation. Proof that the weapon is a firearm alone suffices. 720 ILCS 5/18–2(a)(2) (West 2008). Thus, we conclude that a statutory violation of section 18–2(a)(1) does not qualify as a lesser included offense when compared to a violation of section 18–2(a)(2), and therefore, we cannot direct the lower court to enter a conviction for a violation of section 18–2(a)(1) as a lesser included offense to the charged violation based on section 18–2(a)(2).

¶ 39 Alternatively, in both the original and supplemental briefs, the State has requested this court to exercise its discretionary authority to direct the trial court to enter a conviction for the lesser offense of simple robbery. We agree that robbery is a lesser included offense to armed robbery. *People v. Burg*, 207 Ill. App. 3d 67, 70 (1990); See *People v. Bryant*, 113 Ill. 2d 497, 502 (1986).

---

[1] We agree that by describing the object as "a dangerous weapon, a handgun," in this case, the State intended to prosecute defendant for a violation of section 18–2(a)(2). *People v. Toy*, 407 Ill. App. 3d 272, 292 (2011) (citing *People v. Hill*, 346 Ill. App. 3d 545, 548-49 (2004)).

¶ 40      We also acknowledge that pursuant to Illinois Supreme Court Rule 615(b)(3) (Ill. S. Ct. R. 615(b)(3)), this court has the authority to *reduce* the degree of an appellant's conviction. However, as this court has previously stated, this discretionary authority should be exercised with "caution and circumspection." *People v. Jackson*, 181 Ill. App. 3d 1048, 1050-51 (1989).

¶ 41      In this case, the record clearly shows that at trial, both parties specifically advised the court that they were opposed to offering a lesser included offense instruction to this jury. The State strongly opposed any instruction on a lesser offense and elected to proceed with an all-or-nothing approach, similar to the defense in this case.

¶ 42      Based on these circumstances, we elect not to exercise our discretion pursuant to Rule 615(b)(3) and will not reduce the conviction to robbery because neither side desired to allow the jury to consider a lesser alternative to the charged violation set out in the indictment. Further, once the jury found the State did not prove a required element of a violation of section 18–2(a)(2) related to the use of a firearm, this court cannot *create* a conviction for that specific statutory violation in order to subsequently reduce that armed robbery conviction to simple robbery.

¶ 43      For the reasons set forth above, this court feels constrained to enforce the jury's specific and special finding that the State did not prove a necessary element of the only indicted violation, the use of a firearm, beyond a reasonable doubt. The cause is remanded to the trial court for entry of a judgment of acquittal for the charged violation of section 18–2(a)(2) and to vacate the sentence previously imposed.

¶ 44                          CONCLUSION

¶ 45      The judgment of the circuit court of Peoria County is reversed.

¶ 46      Reversed and remanded with directions.