# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Wright*, 2013 IL App (3d) 100522

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LAVORIS LARENZO WRIGHT, Defendant-Appellant. |
| District & No. | Third District<br>Docket Nos. 3-10-0522, 3-10-0523 cons. |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | June 12, 2013<br><br>July 16, 2013<br>July 16, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant's convictions and sentences for armed robbery and attempted armed robbery were upheld on appeal where the indictment apprised defendant of the precise offense charged with sufficient specificity and the 15-year sentencing enhancement mandated by section 18-2(b) of the Criminal Code was properly imposed, but the mittimus was modified so as to require defendant to provide only one DNA sample and pay only one DNA analysis assessment, and finally, defendant's request to offset that assessment with the *per diem* presentence incarceration credit was rejected on the ground that the assessment is a fee that is not subject to the credit. |
| Decision Under Review | Appeal from the Circuit Court of Peoria County, Nos. 09-CF-911, 09-CF-912; the Hon. Glenn H. Collier, Judge, presiding. |
| Judgment | Affirmed as modified. |

Counsel on
Appeal

Santiago A. Durango, of State Appellate Defender's Office, of Ottawa, for appellant.

Jerry Brady, State's Attorney, of Peoria (Terry A. Mertel and Nadia L. Chaudhry, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE HOLDRIDGE delivered the judgment of the court, with opinion.
Justices Schmidt and O'Brien concurred in the judgment and opinion.

**OPINION**

¶ 1        Following a stipulated bench trial, defendant, Lavoris Larenzo Wright, was found guilty of armed robbery (720 ILCS 5/18-2(a)(2) (West 2008)) and attempted armed robbery (720 ILCS 5/8-4(a), 18-2(a)(2) (West 2008)), for which he was sentenced to concurrent terms of 21 and 10 years of imprisonment, respectively. Defendant filed a motion for the court to reconsider the sentence, which was denied. Defendant appealed, arguing that: (1) the indictment charging armed robbery was void; (2) the trial court erred in imposing two orders for defendant to submit a deoxyribonucleic acid (DNA) sample and DNA analysis fee; and (3) the trial court erred in imposing a 15-year sentencing enhancement on the armed robbery conviction. We affirm as modified.

¶ 2                                                FACTS
¶ 3        In case No. 09-CF-911, defendant was charged with armed robbery of the convenience store Mark's Market. The indictment alleged that on August 17, 2009, defendant committed armed robbery in that "while armed with a dangerous weapon, a firearm" he took money from William Randle by threatening imminent use of force in violation of section 18-2(a)(2) of the Criminal Code of 1961 (Code) (720 ILCS 5/18-2(a)(2) (West 2008)). In case No. 09-CF-912, defendant was charged with attempted armed robbery, with allegations that on August 17, 2009, he performed a substantial step toward the commission of armed robbery by entering the Subway while armed with a firearm and demanding money from James Hinds.

¶ 4        On June 6, 2010, defendant was found guilty of both counts in a stipulated bench trial. In exchange for a negotiated plea agreement, defendant stipulated to the evidence that the State would have presented at trial.

¶ 5        Specifically, the parties stipulated that Randle would have testified that on August 17,

2009, he was working at Mark's Market when two men entered with bandanas covering their faces. One man pointed a gun at Randle and demanded money. Randle placed the money tray from the cash register on the counter. One of the men took all the paper currency, and the robbers fled. Randle gave a description of the two robbers to police. An in-store video recording generally corroborated Randle's account.

¶ 6        In his oral and videotaped statements to police, defendant admitted that he had been approached by one of the other suspects about committing a robbery. Defendant agreed to become involved with the robberies because he needed the money. Defendant obtained a handgun from his house and drove around with two other males looking for places to rob. They decided to rob Mark's Market. Defendant took the money from the cash register tray in Mark's Market while another male pointed the gun at the clerk. After taking the money, all three men fled. They continued to drive around looking for more places to rob and decided to rob a Subway restaurant. Defendant went into the Subway to commit the robbery but became nervous. Defendant and the other two suspects fled from the Subway in a vehicle. Subsequently, they were pulled over by police.

¶ 7        The parties stipulated that Hinds would have testified that on August 17, 2009, he was working at Subway when two suspects, whose faces were covered with bandanas, entered the restaurant, pointed a gun at him, and demanded money. When another employee came out of the stockroom, the suspects fled. Another witness would have testified that a third suspect fled with the other two suspects. After receiving a description of the suspects, Officer Chris White of the Peoria police department stopped a vehicle in which defendant was riding in the backseat. White observed a bandana located on the driver's lap. A loaded handgun and a stack of money were located in the center console of the vehicle.

¶ 8        Hinds identified the two males riding in the front of the car as the suspects involved in the Subway incident. The other witness identified defendant as the third person involved in the Subway incident.

¶ 9        The court found defendant guilty of armed robbery. In accordance with the parties' agreed-upon sentence, the court sentenced defendant to concurrent terms of imprisonment of 10 years for attempted armed robbery and 21 years for armed robbery. Pursuant to section 18-2(b) of the Code, defendant's sentence for armed robbery included a mandatory 15-year enhancement because a firearm was wielded during the robbery. See 720 ILCS 5/18-2(b) (West 2008). Additionally, as part of the sentence in each case, defendant was also ordered to submit a DNA sample and pay a $200 DNA analysis assessment. Defendant filed a motion to reconsider sentence, which the trial court denied. Defendant appealed.

¶ 10        ANALYSIS
¶ 11        I. Indictment
¶ 12        A. Previous Abolishment of Offense
¶ 13        Defendant argues that his conviction for armed robbery should be reversed because the 2009 indictment charged him with a category of armed robbery that had been abolished in 2000 and therefore was void. Defendant's argument as to the defectiveness of the indictment was raised for the first time on appeal. Where a defendant challenges the sufficiency of an

indictment or information for the first time on appeal, the reviewing court need only determine whether the charging instrument apprised defendant of the precise offense charged with enough specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct. *People v. Maggette*, 195 Ill. 2d 336 (2001). Stated differently, the question on appeal is whether the defect in the charging instrument prejudiced the defendant in preparing his defense. *People v. Childs*, 407 Ill. App. 3d 1123 (2011).

¶ 14    Prior to January 1, 2000, the armed robbery statute provided, in pertinent part, that a person commits armed robbery when he commits a robbery "while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon." 720 ILCS 5/18-2(a) (West 1998). Section 18-2(b) indicated that the offense was a Class X felony.

¶ 15    Effective January 1, 2000, the Illinois legislature amended the Code by enacting Public Act 91-404, which added sentencing enhancements for felonies committed with a firearm. Pub. Act 91-404 (eff. Jan. 1, 2000). In amending the armed robbery statute, the legislature created two distinct categories of armed robbery: armed robberies committed without a firearm and armed robberies committed with a firearm. See 720 ILCS 5/18-2(a) (West 2000).

¶ 16    The amended language of the armed robbery statute in section 18-2 of the Code provides:

"(a) A person commits armed robbery when he or she [commits a robbery]; and

(1) he or she carries on or about his or her person or is otherwise armed with a dangerous weapon other than a firearm; or

(2) he or she carries on or about his or her person or is otherwise armed with a firearm; or

(3) he or she, during the commission of the offense, personally discharges a firearm; or

(4) he or she, during the commission of the offense, personally discharges a firearm that proximately causes great bodily harm, permanent disability, permanent disfigurement, or death to another person." 720 ILCS 5/18-2(a) (West 2000).

Section 18-2(b) was also amended, mandating that for a violation of subsection (a)(2), (a)(3), or (a)(4), respective terms of 15, 20, or 25 years of imprisonment shall be added to the term of imprisonment imposed by the court. 720 ILCS 5/18-2(b) (West 2000).

¶ 17    In this case, the 2009 indictment charged defendant with committing armed robbery "while armed with a dangerous weapon, a firearm" on August 17, 2009, and specified that the charge was pursuant to section 18-2(a)(2) of the Code. From the language of the statute, it is clear that the State intended to prosecute defendant for a violation of section 18-2(a)(2). See *People v. Barnett*, 2011 IL App (3d) 090721, ¶ 4 (by the State electing to obtain a single-count indictment in which it described the object as " 'a dangerous weapon, a handgun,' " the State intended to prosecute defendant for a violation of section 18-2(a)(2)); *People v. Toy*, 407 Ill. App. 3d 272, 293 (2011) (affirming defendant's conviction for armed robbery under section 18-2(a)(2) where defendant was charged under section 18-2 (without an identifying subsection), the indictment alleged that defendant was " 'armed with a dangerous weapon, to wit: a gun,' " and the evidence at trial established defendant was armed with a

firearm). Therefore, the indictment was not void in that defendant was charged with armed robbery with a firearm in violation of section 18-2(a)(2).

¶ 18                              B. Mutually Exclusive Offenses

¶ 19     Defendant also claims that the indictment was void for alleging mutually exclusive offenses of armed robbery with a dangerous weapon (720 ILCS 5/18-2(a)(1) (West 2008)) and armed robbery with a firearm (720 ILCS 5/18-2(a)(2) (West 2008)). Section 18-2(a) makes clear that "dangerous weapon" and "firearm" are two different offenses under two different subsections. *Toy*, 407 Ill. App. 3d at 291. A robbery while armed with a "dangerous weapon other than a firearm" under section 18-2(a)(1) and robbery while armed with "a firearm" under section 18-2(a)(2) are mutually exclusive in that the two crimes do not contain the same elements. *Barnett*, 2011 IL App (3d) 090721. If a defendant is charged with armed robbery based on using a "dangerous weapon," then the weapon cannot be a firearm. *Id.* If defendant is charged with armed robbery with a firearm, the State need not prove the condition of the firearm to be dangerous; a firearm is dangerous *per se* and "[p]roof that the weapon is a firearm alone suffices." *Id.* ¶ 38 (reversing defendant's conviction for armed robbery with a firearm where jury issued a special finding that the State failed to prove that he was armed with a firearm).

¶ 20     As discussed above, the indictment charged defendant with committing armed robbery "while armed with a dangerous weapon, a firearm" pursuant to section 18-2(a)(2) of the Code. The State proceeded with a single-count indictment that simultaneously described the object as "a dangerous weapon" and "a firearm," arguably creating a hybrid charge of sections 18-2(a)(1) and 18-2(a)(2). However, as discussed above, there was no uncertainty that defendant was being charged pursuant to section 18-2(a)(2) in that the robbery was alleged to have involved a firearm.

¶ 21     Furthermore, defendant has shown no prejudice in the preparation of his defense. The State presented uncontradicted evidence that the robberies involved a firearm, which is dangerous *per se*. Randle testified that he was threatened with a gun at Mark's Market. Hinds testified that defendant's cohort pointed a gun at him. White testified that a loaded handgun and a stack of money was located in the center console of the getaway vehicle, in which defendant was riding in the backseat. Defendant made statements in which he admitted that he obtained a gun from his house for the purpose of committing the robberies, his cohort pointed a gun at Randle, and he entered the Subway in an attempt to commit a robbery. The indictment apprised defendant of the precise offense charged with enough specificity so that he could prepare his defense, and the language of the indictment did not prejudice defendant.

¶ 22                              II. Duplicate DNA Sample and Fee

¶ 23     Here, defendant was ordered to submit a DNA sample and pay a $200 DNA analysis assessment in both case No. 09-CF-911 and case No. 09-CF-912. Defendant argues, and the State concedes, that duplicate DNA samples and fees are not authorized.

¶ 24     Section 5-4-3 of the Unified Code of Corrections requires a defendant convicted of a felony to submit a DNA sample for entry into the DNA database maintained by the Illinois

State Police, and authorizes the imposition of a $200 DNA analysis assessment. See 730 ILCS 5/5-4-3 (West 2008). However, the statute does not authorize duplicate samples and fees. *People v. Marshall*, 242 Ill. 2d 285 (2011). Accordingly, we modify the mittimus in case No. 09-CF-912 to reflect the vacatur of the requirement that defendant submit a DNA sample and pay the $200 DNA analysis assessment.

¶ 25    We decline defendant's request to offset the remaining $200 DNA analysis assessment in case No. 09-CF-911 with a $5 *per diem* presentencing credit pursuant to section 110-14 of the Code of Criminal Procedure of 1963. See 725 ILCS 5/110-14 (West 2008). The $200 DNA analysis assessment was a fee as opposed to a fine and, therefore, was not subject to offset by section 110-14 presentencing credit. *People v. Johnson*, 2011 IL 111817.

¶ 26                         III. Fifteen-Year Sentencing Enhancement

¶ 27    Defendant argues that the trial court erred in imposing a 15-year enhancement to his armed robbery sentence pursuant to section 18-2(b) of the Code. 720 ILCS 5/18-2(b) (West 2008). Defendant requests that this case be remanded for resentencing because the sentencing enhancement was invalidated by our supreme court in *People v. Hauschild*, 226 Ill. 2d 63 (2007), *superseded by statute as stated in People v. Clemons*, 2012 IL 107821 (providing that *Hauschild* remains law as to the meaning of the armed violence statute prior to its amendment by Public Act 95-688 (eff. Oct. 23, 2007)).

¶ 28    In *Hauschild*, our supreme court held that the 15-year sentencing enhancement under the armed robbery statute violated the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, § 11). *Hauschild*, 226 Ill. 2d 63. At that time, the armed robbery statute (720 ILCS 5/18-2(a)(2) (West 2000)) imposed a more severe sentence than did the armed violence statute (720 ILCS 5/33A-2(a) (West 2000)) for the same conduct. *Hauschild*, 226 Ill. 2d 63. The proportionate penalties clause prohibits imposing different penalties for offenses involving identical elements. *People v. Sharpe*, 216 Ill. 2d 481 (2005). A proportionate penalties violation, under the identical elements test, occurs when two offenses have identical elements but disparate sentences. *Hauschild*, 226 Ill. 2d 63. Only the statute with the greater penalty will be found to violate the proportionate penalties clause. *Sharpe*, 216 Ill. 2d 481.

¶ 29    Subsequent to *Hauschild*, the legislature amended the armed violence statute by enacting Public Act 95-688 (eff. Oct. 23, 2007) in order to cure the proportionate penalties problem. Public Act 95-688 did not amend the armed robbery sentencing enhancements held unconstitutional in *Hauschild*, but instead amended the armed violence statute so that robbery could not be a predicate offense for armed violence. *Hauschild*, 226 Ill. 2d 63. The result of the amendment was that the offenses of armed violence and armed robbery no longer had identical elements, thereby remedying the disproportionate penalty problem between the two statutes. *Id.*

¶ 30    Here, defendant argues that Public Act 95-688 did not revive the sentencing enhancement that had been declared unconstitutional in *Hauschild* because once it was declared unconstitutional, the statute was void *ab initio*, and should have been treated as if it never existed. The State argues that Public Act 95-688 revived the sentencing enhancement in the

armed robbery statute by remedying the proportionate penalties problem. Our supreme court recently resolved this issue, holding that Public Act 95-688 revived the sentencing enhancement for armed robbery. See *People v. Blair*, 2013 IL 114122 (when a statute violates the proportionate penalties clause under the identical elements test, that violation is entirely dependent upon the existence of the comparison statute; the legislature may remedy the violation by amending the unconstitutional statute, the comparison statute, or both statutes). Therefore, the trial court did not err in imposing a 15-year enhancement on defendant's armed robbery conviction, as mandated by section 18-2(b) of the Code.

¶ 31                                          CONCLUSION

¶ 32        We affirm the judgment of the circuit court of Peoria County as modified.


¶ 33        Affirmed as modified.