# Illinois Official Reports

## Appellate Court

*People v. Clark*, 2014 IL App (1st) 123494

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRED CLARK, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-12-3494 |
| Filed<br>Rehearing denied | November 20, 2014<br>December 26, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where defendant was charged with aggravated vehicular hijacking while armed with a firearm and armed robbery while armed with a firearm, but he was convicted of the uncharged offenses of aggravated vehicular hijacking with a dangerous weapon other than a firearm and armed robbery with a dangerous weapon other than a firearm, the trial court erred, since, under the circumstances, the uncharged offenses were not lesser-included offenses of the charged offenses; therefore, the conviction for aggravated vehicular hijacking with a dangerous weapon other than a firearm was reduced to vehicular hijacking, and his conviction for armed robbery with a dangerous weapon other than a firearm was reduced to robbery, the sentences imposed on the uncharged offenses for which defendant was found guilty were vacated, and the cause was remanded for resentencing on defendant's convictions for vehicular hijacking and robbery. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 11-CR-9352; the Hon. James B. Linn, Judge, presiding. |
| Judgment | Convictions reduced and sentences vacated. Cause remanded for resentencing. |

Counsel on
Appeal

Michael J. Pelletier, Alan D. Goldberg, and Gilbert C. Lenz, all of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg, Mary P. Needham, and Mari R. Hatzenbuehler, Assistant State's Attorneys, of counsel), for the People.

Panel

JUSTICE EPSTEIN delivered the judgment of the court, with opinion. Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment and opinion.

## OPINION

¶ 1    The State charged defendant Fred Clark with aggravated vehicular hijacking while armed with a firearm (720 ILCS 5/18-4(a)(4) (West 2010)) and armed robbery while armed with a firearm (720 ILCS 5/18-2(a)(2) (West 2010)).[1] After a bench trial, the trial court found defendant guilty of the uncharged offenses of aggravated vehicular hijacking with a dangerous weapon other than a firearm (720 ILCS 5/18-4(a)(3) (West 2010)) and armed robbery with a dangerous weapon other than a firearm (720 ILCS 5/18-2(a)(1) (West 2010)), finding that those offenses were lesser-included offenses of the charged offenses. Defendant appeals, asserting: (1) that the offenses of which he was convicted were not lesser-included offenses of the charged offenses; (2) that his 17-year sentences for aggravated vehicular hijacking and armed robbery are excessive; and (3) that his mittimus should be corrected to reflect the offenses of which he was convicted.

¶ 2    We agree that, in this case, aggravated vehicular hijacking with a dangerous weapon other than a firearm and armed robbery with a dangerous weapon other than a firearm were not lesser-included offenses of aggravated vehicular hijacking with a firearm and armed robbery with a firearm because the charging instrument did not permit an inference that defendant used a weapon other than a firearm during the offense. We thus reduce defendant's convictions to vehicular hijacking and robbery and remand for resentencing. We do not reach defendant's remaining contentions of error.

¶ 3                              I. BACKGROUND

¶ 4    Tyran Wise testified that, around 6:30 a.m. on May 15, 2011, he drove his red 2009 Dodge Charger down the alley behind his apartment building. A black car approached Wise's car in the opposite direction. The men in the other car waved Wise ahead. Wise parked his car in the garage behind his building.

---

[1]Defendant was also charged with and convicted of burglary but that conviction is not at issue in this appeal.

¶ 5        Wise testified that, as he was shutting his garage door, a man he identified in court as defendant put a gun to his head and "said give that shit up." A shorter man, who was not armed, entered the garage. The shorter man and defendant took $200 in cash and a cell phone from Wise's pockets. The shorter man entered Wise's car and drove away.

¶ 6        Wise testified that defendant made him move to the back of the garage, sit down, face the wall, and put his hands on his head. Defendant struck Wise in the head with the gun twice. Defendant then drove away in the black car that had approached Wise in the alley. After defendant had left, Wise called the police.

¶ 7        Chicago police officer Rangel testified that, around 11 p.m. on May 15, 2011, he observed a red Dodge Charger cut through a gas station. Rangel pulled the Charger over and three people fled from it, including defendant. Rangel chased defendant and radioed other officers. Rangel saw other officers arrest defendant shortly thereafter.

¶ 8        Officer Juan Aguirre, an evidence technician, processed the Charger just before midnight on May 15, 2011. Aguirre testified that he found a loaded 9-millimeter Ruger handgun on the floor of the backseat of the car.

¶ 9        Around 2:30 a.m. on May 16, 2011, Wise viewed a lineup at the police station. Detective Sharon Walker testified that both defendant and Kamari Belmont were in the lineup that Wise viewed. Wise identified defendant as the man who held a gun to his head. Wise did not identify Belmont.

¶ 10       Defendant testified that, between 9 p.m. and 9:30 p.m. on May 15, 2011, Belmont and Belmont's cousin Taylor picked him up in a red Dodge Charger. Belmont told defendant the car belonged to his aunt. Defendant testified that he did not see a gun in the car. Defendant said that he, Belmont, and Taylor planned to go out and celebrate defendant's birthday.

¶ 11       Defendant testified that he drove the Charger to a gas station near 55th Street and Wells Street. Defendant exited the car and saw someone in black with something in his hand. Defendant testified that he thought the person may have had a gun so he ran behind a nearby house. When defendant walked back to the front of the house, he saw the police, who arrested him.

¶ 12       Defendant testified that he had never seen Wise before trial. Defendant denied holding a gun to Wise's head or taking anything from Wise. Defendant acknowledged that he was on parole for a juvenile drug case at the time of trial.

¶ 13       The court found that Wise was credible and that defendant was not. The court credited Wise's identification of defendant as the man who robbed him in his garage. The court then stated:

>        "The weapon was used in this case in the manner of a bludgeon. He was pistol-whipped with it.
>
>            I find under all circumstances that it was used as a bludgeon and will be treated as such. So he is found guilty of aggravated vehicular hijacking and armed robbery without a firearm ***."

Neither the State nor defendant objected to the trial court's findings.

¶ 14       At the defendant's sentencing hearing, the court stated, "[I]n light of [defendant's] age, the fact the gun wasn't fired, other circumstances that I heard at the trial, [I] gave some deference and benefit of the doubt and justice as to the ultimate finding." The trial court sentenced defendant to concurrent terms of 17 years' incarceration for aggravated vehicular

hijacking and 17 years' incarceration for armed robbery. Defendant appeals.

¶ 15                                    II. ANALYSIS

¶ 16        Defendant asserts that the trial court violated his right to due process of law when it convicted him of aggravated vehicular hijacking with a dangerous weapon other than a firearm and armed robbery with a dangerous weapon other than a firearm because those offenses were not lesser-included offenses of the charged offenses of aggravated vehicular hijacking with a firearm and armed robbery with a firearm. Defendant thus urges this court to reduce his convictions to vehicular hijacking and robbery, which he acknowledges were lesser-included offenses of the charged offenses.

¶ 17        The State contends that the trial court actually convicted defendant of the charged offenses: aggravated vehicular hijacking with a firearm and armed robbery with a firearm. The State thus claims that defendant's sentences are void as they fall below the mandatory statutory minimum sentences for those offenses. The State asks this court to remand for the imposition of a sentence in accord with the higher sentencing range. We first turn to the question of which offenses the defendant was convicted of.

¶ 18                            A. Defendant's Convictions

¶ 19        The State contends that the trial court convicted defendant of aggravated vehicular hijacking with a firearm and armed robbery with a firearm because it found that defendant used a gun to strike Wise in the head. The State claims that the offenses of aggravated vehicular hijacking with a firearm and armed robbery with a firearm do not require that the State prove that the firearm was actually fired. Defendant contends that, regardless of whether the trial court's judgment was erroneous, it acquitted defendant of aggravated vehicular hijacking with a firearm and armed robbery with a firearm. Defendant further asserts that this court may not enter convictions for offenses of which the defendant was acquitted. We agree with defendant.

¶ 20        The Illinois Constitution bars an appeal from a judgment of acquittal "regardless of whether the court's ruling [was] based upon a mistake of fact or mistake of law." *People v. Rey*, 136 Ill. App. 3d 645, 651 (1985); see Ill. Const. 1970, art. VI, § 6. Similarly, under the double jeopardy clauses of the United States and Illinois Constitutions, "an acquittal due to insufficient evidence precludes retrial, whether the court's evaluation of the evidence was correct or not, [citation], and regardless of whether the court's decision flowed from an incorrect antecedent ruling of law." (Internal quotation marks omitted.) *Evans v. Michigan*, 568 U.S. ___, ___, 133 S. Ct. 1069, 1075-76 (2013); see U.S. Const., amend. V; Ill. Const. 1970, art. I, § 10. A judgment constitutes an acquittal where it "actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." (Internal quotation marks omitted.) *People v. Williams*, 188 Ill. 2d 293, 300 (1999).

¶ 21        In this case, the record supports defendant's contention that the trial court acquitted him of the charged offenses of aggravated vehicular hijacking with a firearm and armed robbery with a firearm. At the close of the trial, the trial court unequivocally stated that it "found [defendant] guilty of aggravated vehicular hijacking and armed robbery *without* a firearm." (Emphasis added.) The court explained this finding on the basis that defendant had "used [the gun] as a bludgeon and [it should] be treated as such." At the sentencing hearing, the trial court indicated that it had given defendant the "benefit of the doubt and justice as to the

ultimate finding." The trial court sentenced defendant to 17 years' incarceration for both offenses; sentences within the permissible ranges for aggravated vehicular hijacking and armed robbery with a dangerous weapon other than a firearm and below the permissible ranges for aggravated vehicular hijacking and armed robbery with a firearm. 720 ILCS 5/18-2(b), 18-4(b) (West 2010); 730 ILCS 5/5-4.5-25(a) (West 2010). Although the written order of defendant's sentences reflects convictions for aggravated vehicular hijacking with a firearm and armed robbery with a firearm, "[w]hen the oral pronouncement of the court and the written order conflict, the oral pronouncement of the court controls." *People v. Roberson*, 401 Ill. App. 3d 758, 774 (2010). As the trial court's oral pronouncements reflect a resolution of the factual elements of aggravated vehicular hijacking with a firearm and armed robbery with a firearm in defendant's favor, as well as an express rationale for it, it is clear that the trial court acquitted defendant of those offenses. We may not review the trial court's judgment of acquittal, even if the judgment resulted from a mistake of fact or law. We turn to defendant's first contention of error.

¶ 22                           B. Lesser-Included Offenses

¶ 23        Defendant asserts that the trial court erred in convicting him of aggravated vehicular hijacking with a dangerous weapon other than a firearm and armed robbery with a dangerous weapon other than a firearm because they were not lesser-included offenses of the charged offenses. The State asserts that defendant forfeited this issue and claims that the allegations of the indictment were sufficient to notify defendant of the possibility of being convicted of aggravated vehicular hijacking without a firearm and armed robbery without a firearm.

¶ 24        We first address the State's forfeiture argument. Defendant acknowledges that he forfeited this issue by failing to object to his convictions at trial, but urges us to apply the plain error exception to forfeiture. Ill. S. Ct. R. 615(a); *People v. Thompson*, 238 Ill. 2d 598, 613 (2010). "The first step of plain-error review is determining whether any error occurred." *Thompson*, 238 Ill. 2d at 613. We thus consider whether the trial court erred in convicting defendant of the uncharged offenses.

¶ 25        A defendant has a due process right to notice of the charges brought against him. *People v. Kolton*, 219 Ill. 2d 353, 359 (2006). "For this reason, a defendant may not be convicted of an offense he has not been charged with committing." *Id.* A defendant may be convicted of an uncharged offense, however, if it is a lesser-included offense of a crime with which the defendant is expressly charged. *Id.* at 360.

¶ 26        To determine whether an uncharged offense is a lesser-included offense of a charged offense, we apply the charging instrument approach. *People v. Kennebrew*, 2013 IL 113998, ¶ 32. In applying the charging instrument approach, we follow two steps: (1) we first look "to the allegations in the charging instrument to see whether the description of the greater offense contains a broad foundation or main outline of the lesser offense"; and (2) if the charging instrument does contain a broad foundation of the lesser offense, we "examine the evidence adduced at trial to decide whether the evidence rationally supports a conviction on the lesser offense." (Internal quotation marks omitted.) *Kolton*, 219 Ill. 2d at 361. "[A]n offense may be deemed a lesser-included offense even though every element of the lesser offense is not explicitly contained in the indictment, as long as the missing element can be reasonably inferred." *Id.* at 364. We apply *de novo* review to this inquiry. *Id.* at 361.

¶ 27    The aggravated vehicular hijacking statute requires that the State prove that the defendant knowingly took a motor vehicle from the person or immediate presence of another by the use or threat of imminent force, and that:

"(3) he or she carrie[d] on or about his or her person, or [was] otherwise armed with a dangerous weapon, other than a firearm; or

(4) he or she carrie[d] on or about his or her person or [was] otherwise armed with a firearm[.]" 720 ILCS 5/18-4(a) (West 2010).

The armed robbery statute requires that the State prove that the defendant knowingly took property, other than a vehicle, from the person or presence of another by the use or threat of imminent force, and that:

"(1) he or she carrie[d] on or about his or her person, or [was] otherwise armed with a dangerous weapon, other than a firearm; or

(2) he or she carrie[d] on or about his or her person or [was] otherwise armed with a firearm[.]" 720 ILCS 5/18-2(a) (West 2010).

If the defendant commits aggravated vehicular hijacking or armed robbery with a firearm rather than another dangerous weapon, an additional 15 years' incarceration must be added to his or her sentence. 720 ILCS 5/18-2(b), 18-4(b) (West 2010).

¶ 28    In this case, the State charged defendant with one count of aggravated vehicular hijacking with a firearm pursuant to section 18-4(a)(4). 720 ILCS 5/18-4(a)(4) (West 2010). That count (count I) alleged that defendant:

"knowingly took a motor vehicle, to wit: 2009 Dodge, from the person or immediate presence of Tyronn [*sic*] Wise, by the use of force or by threatening the imminent use of force, and carried on or about his person, or was otherwise armed with a firearm."

The State also charged defendant with armed robbery with a firearm pursuant to section 18-2(a)(2). 720 ILCS 5/18-2(a)(2) (West 2010). That count (count II) alleged that defendant:

"knowingly took property, to wit: United States currency and cellular telephone, from the person or presence of Tyronn [*sic*] Wise, by the use of force or by threatening the imminent use of force and carried on or about his person or was otherwise armed with a firearm."

The State did not charge defendant with aggravated vehicular hijacking or armed robbery with a dangerous weapon other than a firearm pursuant to section 18-2(a)(1) or 18-4(a)(3).

¶ 29    Defendant asserts that aggravated vehicular hijacking and armed robbery with a dangerous weapon other than a firearm were not lesser-included offenses of the above charges because the allegation that defendant was armed with a dangerous weapon other than a firearm could not be inferred from the charges. Defendant cites *People v. Barnett*, 2011 IL App (3d) 090721, in support of this proposition. In *Barnett*, the State charged the defendant with armed robbery, alleging that he was "armed with a dangerous weapon, a handgun." (Internal quotation marks omitted.) *Id.* ¶ 4. At the close of defendant's trial, the jury found defendant guilty of armed robbery. *Id.* ¶ 16. The jury also made a special finding that the State had failed to prove that the defendant was armed with a firearm. *Id.*

¶ 30    On appeal, the *Barnett* court reversed the defendant's conviction for armed robbery under section 18-2(a)(2), finding that the jury's special finding amounted to an acquittal. *Id.* ¶¶ 24, 33-34, 43. The court rejected the State's request to reduce the defendant's sentence to armed robbery under section 18-2(a)(1), finding that armed robbery under section 18-2(a)(1) was

not a lesser-included offense of armed robbery under section 18-2(a)(2). *Id.* ¶¶ 35-38. The court highlighted that "the language of the [armed robbery] statute clearly demonstrates that a violation under section 18-2(a)(1) and one under section 18-2(a)(2) are mutually exclusive of each other." *Id.* ¶ 38. Looking to the language of sections 18-2(a)(1) and 18-2(a)(2), the court stated, "If an offender is charged with a violation of the armed robbery statute based on using a 'dangerous weapon' of any kind, that weapon cannot be a 'firearm.' " *Id.*

¶ 31    Similarly, in *People v. McBride*, 2012 IL App (1st) 100375, ¶ 24, the court found that a firearm could not qualify as a "dangerous weapon, other than a firearm" under section 18-4(a)(3). (Internal quotation marks omitted.) In *McBride*, the State charged the defendant with one count of aggravated vehicular hijacking pursuant to section 18-4(a)(3), alleging that the defendant was "armed with a dangerous weapon, to wit: a handgun." (Internal quotation marks omitted.) *Id.* ¶ 4. On appeal, the defendant asserted that the State's evidence did not prove that he was armed with a dangerous weapon other than a firearm under section 18-4(a)(3) because the State's evidence proved that he possessed a firearm. *Id.* ¶ 15. The *McBride* court rejected the State's contention that a firearm constituted a dangerous weapon other than a firearm under section 18-4(a)(3), as the plain language of section 18-4(a)(3) "specifically exclude[d] firearms." *Id.* ¶¶ 22, 24, 26.

¶ 32    The *Barnett* and *McBride* courts' analyses of the armed robbery and aggravated vehicular hijacking statutes are instructive in this case. Here, counts I and II alleged that defendant was "armed with a firearm." They did not allege that defendant was armed with any dangerous weapon other than a firearm or that defendant used the firearm as a bludgeon or other dangerous weapon. As shown by *Barnett* and *McBride*, the allegation that defendant was armed with a firearm necessarily excluded an allegation that defendant was armed with a dangerous weapon other than a firearm. None of the language in the information provides a basis to reasonably infer an allegation that defendant was armed with a dangerous weapon other than a firearm. We thus conclude that, in this case, aggravated vehicular hijacking with a dangerous weapon other than a firearm and armed robbery with a dangerous weapon other than a firearm were not lesser-included offenses of aggravated vehicular hijacking with a firearm and armed robbery with a firearm.

¶ 33    The State cites *People v. Washington*, 2012 IL 107993, but that case is inapposite. In *Washington*, an earlier version of the armed robbery statute applied to the defendant. *Id.* ¶¶ 5-7. The earlier version of the statute did not distinguish between firearms and dangerous weapons other than firearms; it simply required the State to prove that the defendant was armed with "a dangerous weapon." (Internal quotation marks omitted.) *Id.* ¶ 6. The Illinois Supreme Court held that evidence that the defendant carried a firearm was sufficient to prove that the defendant carried a dangerous weapon under that version of the armed robbery statute. *Id.* ¶¶ 35, 41. As discussed above, in this case, the statutes applicable to defendant distinguish between firearms and dangerous weapons other than firearms. Under the current version of those statutes, a firearm cannot constitute a dangerous weapon other than a firearm. *McBride*, 2012 IL App (1st) 100375, ¶¶ 22, 24; *Barnett*, 2011 IL App (3d) 090721, ¶¶ 37-38. *Washington*, therefore, does not apply in this case.

¶ 34    As an allegation that defendant was armed with a dangerous weapon other than a firearm cannot be reasonably inferred from the allegation that defendant was armed with a firearm, the information did not state a "broad foundation or main outline" of either aggravated vehicular hijacking pursuant to section 18-4(a)(3) or armed robbery pursuant to section

18-2(a)(1). *Kolton*, 219 Ill. 2d at 361. The trial court erred in convicting defendant of those uncharged offenses. We now turn to whether this error constituted plain error.

¶ 35                                  C. Plain Error

¶ 36        "The plain-error rule bypasses normal forfeiture principles and allows a reviewing court to consider unpreserved claims of error in specific circumstances." *People v. Thompson*, 238 Ill. 2d 598, 613 (2010); see Ill. S. Ct. R. 615(a). Plain error occurs in two scenarios: (1) where " 'a clear or obvious error occurred and the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error' "; or (2) where " 'a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence.' " *Thompson*, 238 Ill. 2d at 613 (quoting *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007)). The second prong is at issue in this case.

¶ 37        The State contends that the second prong of plain error only applies to the "limited class of errors" identified as "structural error" by the United States Supreme Court: "a complete denial of counsel; trial before a biased judge; racial discrimination in the selection of a grand jury; denial of self-representation at trial; denial of a public trial; and a defective reasonable doubt instruction." See *Washington v. Recuenco*, 548 U.S. 212, 218 n.2 (2006). The State reasons that the second prong of plain error does not apply in this case because improperly convicting defendant of uncharged offenses does not fall into one of those six categories. The State cites *People v. Glasper*, 234 Ill. 2d 173 (2009), in support of its contention.

¶ 38        We disagree that *Glasper* limited the second prong of plain error to the six categories of error listed by the State. In *Glasper*, the defendant asserted that the trial court's violation of Illinois Supreme Court Rule 431(b) (eff. May 1, 1997) was a structural error "not subject to harmless-error analysis." *Glasper*, 234 Ill. 2d at 185. After deciding that a Rule 431(b) violation could be considered harmless error, the *Glasper* court subsequently considered whether the prosecutor's statements in closing arguments constituted second-prong plain error and analogized plain error to structural error. *Id.* at 203, 213-14. In conducting that analysis, however, the court did not indicate that prosecutorial misconduct could not be plain error because it was not one of the six types of structural error identified by the United States Supreme Court. *Id.* at 213-14.

¶ 39        Similarly, in *Thompson*, the Illinois Supreme Court noted that it had "equated the second prong of plain-error review with structural error." *Thompson*, 238 Ill. 2d at 613 (citing *Glasper*, 234 Ill. 2d at 197-98). Yet the *Thompson* court did not conclude that an error could not be second-prong plain error because it was not one of the six identified types of structural error. *Id.* at 613-15. Rather, the court concluded that the Rule 431(b) violation at issue was not second-prong plain error because it did "not implicate a fundamental right or constitutional protection," and the defendant failed to show that the error resulted in an unfair trial. *Id.* at 614-15.

¶ 40        We decline to read the State's proposed limitation to second-prong plain error into *Glasper* or *Thompson*. Although those cases equated second-prong plain error to structural error, they did not restrict plain error to the six types of structural error that have been recognized by the United States Supreme Court. In fact, the Illinois Supreme Court has held that second-prong plain error applies to errors other than those six errors. *E.g.*, *In re*

*Samantha V.*, 234 Ill. 2d 359, 378-79 (2009) (failure to apply the one-act, one-crime rule constituted plain error under the second prong); *People v. Walker*, 232 Ill. 2d 113, 131 (2009) (failure to exercise discretion in denying a request for a continuance constituted second-prong plain error). *Thompson* did not overrule those cases. Although structural error and second-prong plain error may arise in similar circumstances, we do not believe that the Illinois Supreme Court intended to strictly limit the application of second-prong plain error as the State proposes. We reject the State's contention that second-prong plain error applies only to six identified structural errors.

¶ 41 We now turn to the question of whether the error in this case was " 'so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process.' " *Thompson*, 238 Ill. 2d at 613 (quoting *Piatkowski*, 225 Ill. 2d at 565). Convicting a defendant of an uncharged offense that is not a lesser-included offense of a charged offense violates a defendant's "fundamental due process right to notice of the charges brought against him." *Kolton*, 219 Ill. 2d at 359-60. This court has applied the second prong of plain error where the trial court convicts defendant of an uncharged offense that is not a lesser-included offense of a charged offense. *People v. McDonald*, 321 Ill. App. 3d 470, 473-74 (2001). The Illinois Supreme Court has similarly held that improperly entering a conviction for a lesser-included offense in violation of the one-act, one-crime doctrine constitutes second-prong plain error because it "affects the integrity of the judicial process." *Samantha V.*, 234 Ill. 2d at 378-79; see also *People v. Artis*, 232 Ill. 2d 156, 168 (2009).

¶ 42 In this case, the State maintains that it is "disingenuous" for defendant to assert that his convictions erode the integrity of the judicial process because the trial court, despite finding that defendant was armed with a firearm, "went out of its way *** to conclude that it would 'treat' the firearm as a bludgeon" in an "attempt to shield defendant from the mandatory additional fifteen-term [*sic*] of imprisonment." While we recognize that the trial court intended to afford defendant "some deference and benefit of the doubt and justice" by acquitting him of the charged offenses, defendants' convictions for aggravated vehicular hijacking and armed robbery violated his fundamental right to due process. The trial court lacked the authority to convict defendant of the uncharged offenses of aggravated vehicular hijacking and armed robbery with a dangerous weapon other than a firearm.[2] As the Illinois Supreme Court and this court have recognized, permitting unauthorized convictions to stand challenges the integrity of the judicial process. We conclude that defendant's convictions for aggravated vehicular hijacking and armed robbery constitute plain error.

¶ 43 Defendant requests that we reduce his convictions to vehicular hijacking (720 ILCS 5/18-3 (West 2010)) and robbery (720 ILCS 5/18-1(a) (West 2010)). Illinois Supreme Court "Rule 615(b)(3) provides the appellate court with broad authority to reduce the degree of a defendant's conviction, even when the lesser offense is not charged ***." *Kennebrew*, 2013 IL 113998, ¶ 25; see Ill. S. Ct. R. 615(b)(3). This court has held that vehicular hijacking is a lesser-included offense of aggravated vehicular hijacking and that robbery is a

---

[2]We also note that the State could have avoided this result if it had expressly charged defendant with aggravated vehicular hijacking pursuant to section 18-4(a)(3) and armed robbery pursuant to section 18-2(a)(1). See *Barnett*, 2011 IL App (3d) 090721, ¶ 34 ("Had the State elected to obtain a two-count indictment in this case, separately alleging a violation of section 18-2(a)(1) *** and a *** violation of section 18-2(a)(2) ***, the issues at hand would all but disappear.").

lesser-included offense of armed robbery. *People v. Andrews*, 364 Ill. App. 3d 253, 282 (2006); *People v. Elliott*, 299 Ill. App. 3d 766, 778 (1998). In this case, counts I and II both expressly stated the elements of vehicular hijacking and robbery, and the evidence at trial supported convictions for those offenses. 720 ILCS 5/18-3, 18-1(a) (West 2010). Vehicular hijacking and armed robbery thus constituted lesser-included offenses of the charged offenses in this case. *Kolton*, 219 Ill. 2d at 361. We reduce defendant's conviction for aggravated vehicular hijacking to vehicular hijacking, reduce his conviction for armed robbery to robbery, vacate his sentences for aggravated vehicular hijacking and armed robbery, and remand for resentencing on defendant's vehicular hijacking and robbery convictions. As we have vacated defendant's sentences for aggravated vehicular hijacking and armed robbery, we need not address defendant's arguments regarding the length of his sentences or the accuracy of his mittimus.

¶ 44                                III. CONCLUSION

¶ 45      For the reasons stated, we reduce defendant's conviction for aggravated vehicular hijacking to vehicular hijacking, reduce defendant's armed robbery conviction to robbery, vacate defendant's sentences for aggravated vehicular hijacking and armed robbery, and remand for resentencing on the vehicular hijacking and robbery convictions.

¶ 46      Convictions reduced and sentences vacated. Cause remanded for resentencing.