# Illinois Official Reports

## Appellate Court

***People v. Miles*, 2017 IL App (1st) 132719**

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JACOB MILES, Defendant-Appellant. |
| District & No. | First District, Fourth Division<br>Docket No. 1-13-2719 |
| Filed | September 21, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 00-CR-22579; the Hon. Colleen Ann Hayland, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Michael J. Pelletier, Patricia Mysza, and Yasaman H. Navai, of State Appellate Defender's Office, of Chicago, for appellant.<br><br>Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Assistant State's Attorney, of counsel), for the People. |
| Panel | JUSTICE GORDON delivered the judgment of the court, with opinion.<br>Presiding Justice Reyes concurred in the judgment and opinion.<br>Justice Hall specially concurred, with opinion. |

**OPINION**

¶ 1    Defendant Jacob Miles was convicted after a jury trial of armed robbery and sentenced as a habitual criminal to natural life with the Illinois Department of Corrections (IDOC). This court affirmed his conviction and sentence on direct appeal. *People v. Miles*, No. 1-02-2880 (2003) (unpublished order under Supreme Court Rule 23).

¶ 2    Defendant now appeals from the trial court's dismissal of his *pro se* petition filed pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2012)). Defendant claims that his armed robbery conviction is void because he was charged with armed robbery with a firearm but convicted of armed robbery with a dangerous weapon. Defendant argues that he was not charged with armed robbery with a dangerous weapon and that these two types of armed robbery are mutually exclusive. For the following reasons, we affirm the trial court's dismissal of his section 2-1401 petition.

¶ 3                                 BACKGROUND

¶ 4    Since defendant raises a purely legal question on this appeal, we do not repeat here the underlying facts of his conviction and instead incorporate by reference our prior order where we already described the facts and the evidence at trial. See *Miles*, No. 1-02-2880 (unpublished order under Supreme Court Rule 23) (finding unpersuasive defendant's claim that the State failed to prove him guilty beyond a reasonable doubt). We describe below the procedural history and the facts needed to decide the issues presented on this appeal.

¶ 5    Defendant was indicted for armed robbery. The charges stemmed from the armed robbery of a pizza delivery man on the night of August 16, 2000. Specifically, the indictment charged defendant with "knowingly [taking] United States currency from the person or presence of James Gilbert by the use of force *** [while] he carried on or about his person or was otherwise armed with a firearm, in violation of Chapter 720, Act 5, Section 18-2 of the Illinois Complied Statutes 1992, as amended."

¶ 6    Effective January 1, 2000, which was before both the offense and indictment at issue, the armed robbery statute was amended (1) to create separate subsections for armed robbery "with a dangerous weapon other than a firearm" and armed robbery "with a firearm" and (2) to add a 15-year sentencing enhancement for being "armed with a firearm." Pub. Act 91-404 (eff. Jan. 1, 2000) (amending 720 ILCS 5/18-2); *People v. Walden*, 199 Ill. 2d 392, 396 n.1 (2002) (noting the effective date of the amendment). The amended statute provided, in relevant part, that:

> "(a) A person commits armed robbery when he or she [commits robbery]; and
>
>     (1) he or she carries on or about his or her person or is otherwise armed with a dangerous weapon other than a firearm; or
>
>     (2) he or she carries on or about his or her person or is otherwise armed with a firearm[.]" 720 ILCS 5/18-2(a) (West 2002).

The amended statute also provided for the following sentencing enhancement:

> "Armed robbery in violation of subsection (a)(1) is a Class X felony. A violation of subsection (a)(2) is a Class X felony for which 15 years shall be added to the term of imprisonment imposed by the court." 720 ILCS 5/18-2(b) (West 2002).

¶ 7        Before trial, defendant's counsel moved to dismiss the indictment pursuant to the Illinois Supreme Court case of *Walden*, 199 Ill. 2d 392,[1] which was decided after defendant was indicted. In *Walden*, the supreme court held: "The 15-year enhancement for armed robbery while in possession of a firearm *** violates the proportionate penalties clause of the Illinois Constitution and is unenforceable." *Walden*, 199 Ill. 2d at 397.

¶ 8        Defense counsel argued that the indictment charged defendant under the armed robbery statute "as amended" and therefore defendant had been charged under an unconstitutional subsection. While the indictment did not cite a specific subsection, it did charge defendant with committing the offense while "armed with a firearm." Defense counsel argued that *Walden* rendered the armed-robbery-while-armed-with-a-firearm provision unenforceable.

¶ 9        The trial court held that, since the *Walden* court had declared the amendment unconstitutional, the preexisting statute now applied and the earlier statute did not differentiate between dangerous weapons and firearms. The earlier statute provided in full:

> "(a) A person commits armed robbery when he or she [commits robbery] while he or she carries on or about his or her person, or is otherwise armed with a dangerous weapon.
>
> (b) Sentence. Armed robbery is a Class X felony." 720 ILCS 5/18-2 (West 1998).

¶ 10       The trial court found that, since the earlier statute now applied, the indictment did not need to be amended.

¶ 11       Later, the defense objected to the jury being instructed on armed robbery with a dangerous weapon, arguing that, under the amended armed robbery statute, a firearm is not a dangerous weapon. The trial court overruled the objection. Thus, the jury was instructed over the defense's objection that it could find defendant guilty if it found, beyond a reasonable doubt, that defendant was armed with a dangerous weapon. After the jury returned a verdict finding defendant guilty of armed robbery, defense counsel filed a motion to arrest judgment and a posttrial motion for a new trial, arguing that the trial court erred in denying his pretrial motion to dismiss the indictment. The trial court denied both motions.

¶ 12       On July 31, 2002, after considering factors in aggravation and mitigation, the trial court found defendant to be a habitual criminal and sentenced him to life in prison. On direct appeal, defendant argued that the State failed to prove him guilty beyond a reasonable doubt. On October 22, 2003, this court affirmed his conviction and sentence. *Miles*, No. 1-02-2880 (unpublished order under Supreme Court Rule 23).

¶ 13       On January 30, 2013, defendant filed a *pro se* section 2-1401 petition in which he claimed, among other things, that the trial court deprived him of his due process right to a fair trial when it denied his pretrial motion to dismiss his indictment. In a supplemental petition, also filed on January 30, 2013, defendant added a claim that, although he was charged with armed robbery with a firearm, he was found guilty of armed robbery with a dangerous weapon. On February 28, 2013, the State moved to dismiss.

¶ 14       On July 26, 2013, the trial court issued a written order dismissing defendant's section 2-1401 petition. The written order provided in relevant part:

---

[1]*Walden* was later expressly overruled by our supreme court in *People v. Sharpe*, 216 Ill. 2d 481, 510-11, 519 (2005) (the court stated that it expressly "overruled" *Walden* and cases like it that had used a cross-comparison analysis to find that certain statutes violated the proportionate penalties clause).

"The Court *** finds, that defendant's argument that his judgment is void is without merit. As set forth in the trial record, count one of the indictment properly charged the offense of armed robbery. Subsequent to a guilty verdict, defendant was properly sentenced as a habitual criminal."

Defendant filed a timely notice of appeal, and this appeal followed.

¶ 15                                          ANALYSIS

¶ 16    On appeal, defendant raises only one claim, which is that the trial court erred in dismissing his section 2-1401 petition because his conviction was void. Defendant argues that, where he was charged with the offense of armed robbery with a firearm, the jury lacked the inherent authority to find him guilty of the mutually exclusive and uncharged offense of armed robbery with a dangerous weapon, thereby rendering his armed robbery conviction, as well as his natural-life sentence, void.

¶ 17    For the following reasons, we do not find defendant's arguments persuasive and affirm the trial court's dismissal of his section 2-1401 petition.

¶ 18                                   I. Standard of Review

¶ 19    We review the dismissal of a section 2-1401 petition *de novo*. *People v. Carter*, 2015 IL 117709, ¶ 13; *People v. Laugharn*, 233 Ill. 2d 318, 322 (2009) (citing *People v. Vincent*, 226 Ill. 2d 1, 18 (2007)). *De novo* consideration means that we perform the same analysis that a trial judge would perform. *Arient v. Shaik*, 2015 IL App (1st) 133969, ¶ 18.

¶ 20    Section 2-1401 authorizes "a trial court to vacate or modify a final order or judgment in civil and criminal proceedings." *People v. Thompson*, 2015 IL 118151, ¶ 28. "Ordinarily, a petition seeking relief under section 2-1401 must be filed more than 30 days from entry of the final order but not more than 2 years after that entry." *Thompson*, 2015 IL 118151, ¶ 28 (citing 735 ILCS 5/2-1401(a), (c) (West 2010)); *Laugharn*, 233 Ill. 2d at 322. However, our supreme court has recognized "an exception to the ordinary two-year deadline when the petition challenges a void judgment" (*Thompson*, 2015 IL 118151, ¶ 29), as defendant claims in the case at bar.

¶ 21    "To obtain relief under section 2-1401, the defendant 'must affirmatively set forth specific factual allegations supporting each of the following elements: (1) the existence of a meritorious defense or claim; (2) due diligence in presenting this defense or claim to the circuit court in the original action; and (3) due diligence in filing the section 2-1401 petition for relief.' " *People v. Pinkonsly*, 207 Ill. 2d 555, 565 (2003) (quoting *Smith v. Airoom, Inc.*, 114 Ill. 2d 209, 220-21 (1986)). "[A]n action brought under section 2-1401 is a civil proceeding and, according to this court's long-standing precedent, is subject to the usual rules of civil practice, even when it is used to challenge a criminal conviction or sentence." *Vincent*, 226 Ill. 2d at 6.

¶ 22    When reviewing a trial court's dismissal of a section 2-1401 petition, this court may affirm "on any basis we find in the record." *People v. Nitz*, 2012 IL App (2d) 091165, ¶ 13.

¶ 23                          II. Statutory Interpretation

¶ 24       Defendant's claim requires us to interpret the armed robbery statute.

¶ 25       With statutory construction, our primary goal is to ascertain the legislature's intent, and the best indication of their intent is the plain and ordinary meaning of the words they chose to use. *People v. Chatman*, 2016 IL App (1st) 152395, ¶ 30 (citing *MD Electrical Contractors, Inc. v. Abrams*, 228 Ill. 2d 281, 287 (2008)). When interpreting a statute, we do not read a portion of it in isolation; instead, we read it in its entirety, keeping in mind the subject it addresses and the drafters' apparent objective in enacting it. *Chatman*, 2016 IL App (1st) 152395, ¶ 30 (citing *MD Electrical Contractors*, 228 Ill. 2d at 287).

¶ 26       The interpretation of a statute is a question of law that we also review *de novo*. *Maschek v. City of Chicago*, 2015 IL App (1st) 150520, ¶ 42. We already defined *de novo* review above.


¶ 27                          III. No Meritorious Claim

¶ 28       As noted above, the first requirement for a section 2-1401 petition is that it must set forth allegations which support a meritorious claim for relief. *Pinkonsly*, 207 Ill. 2d at 565. For the following reasons, we do not find defendant's claim to be meritorious.

¶ 29       The first problem with defendant's argument is that the supreme court in *Walden* did not find unconstitutional the subsection that makes armed robbery with a firearm an offense; rather, the court found unconstitutional the 15-year sentencing enhancement for it. In *Walden*, the supreme court discussed the proportionate penalties clause and then specifically held: "The 15-year enhancement for armed robbery while in possession of a firearm therefore violates the proportionate penalties clause of the Illinois Constitution and is unenforceable." *Walden*, 199 Ill. 2d at 397. Defendant was not sentenced pursuant to the 15-year sentencing enhancement and thus has no claim under *Walden*.

¶ 30       Second, defendant argues that the jury lacked the inherent authority to find him guilty of armed robbery with a dangerous weapon. However, the trial court applied the preamended statute, and our supreme court has indicated that this was the proper procedure. *People v. Washington*, 2012 IL 107993, ¶¶ 7, 40-42. In *Washington*, our supreme court discussed the problems created by its decision in *Walden* and then cited *People v. Gersch*, 135 Ill. 2d 384, 390 (1990), for the proposition that "the effect of enacting an unconstitutional amendment to a statute is to leave the law in force as it was before the adoption of the amendment."[2] *Washington*, 2012 IL 107993, ¶ 7 (citing *Gersch*, 135 Ill. 2d at 390).

¶ 31       Third, defendant cites in support *People v. Clark*, 2014 IL App (1st) 123494, *People v. Spencer*, 2014 IL App (1st) 130020, and *People v. Barnett*, 2011 IL App (3d) 090721. However, all those cases are readily distinguishable.

¶ 32       For example, in *Clark*, the defendant was charged with armed robbery while armed with a firearm. *Clark*, 2014 IL App (1st) 123494, ¶ 1. After a bench trial, the trial court specifically found that the defendant did not use a firearm and, thus, acquitted him of the charged offense. *Clark*, 2014 IL App (1st) 123494, ¶ 21. The trial court then proceeded to find the defendant guilty *instead* of armed robbery with a dangerous weapon *other than a firearm*. *Clark*, 2014 IL App (1st) 123494, ¶¶ 1, 21. This court found that the trial court erred and reduced defendant's conviction to the lesser included offense of robbery. *Clark*, 2014 IL App (1st) 123494, ¶ 45.

_____

[2]This quote is from a parenthetical.

- 5 -

¶ 33    However, the *Clark* opinion bears little relationship to the case at bar. Our case is completely unlike *Clark* where the *Clark* defendant was convicted of armed robbery with a dangerous weapon *other than a firearm*. In the case at bar, the indictment stated that defendant was armed with a firearm, and he was convicted of using a dangerous weapon. Thus, the question in our case is whether a firearm qualifies as a dangerous weapon.

¶ 34    The *Spencer* case is distinguishable for the same reason. In *Spencer*, as in *Clark*, the defendant was charged with armed robbery with a firearm (*Spencer*, 2014 IL App (1st) 130020, ¶ 43) and was then acquitted during a bench trial of that charge (*Spencer*, 2014 IL App (1st) 130020, ¶ 12 (the trial court granted the defendant's motion for a directed finding "as it relates to the firearm")). However, in *Spencer*, as in *Clark*, the defendant was convicted of armed robbery with a dangerous weapon *other than a firearm*. *Spencer*, 2014 IL App (1st) 130020, ¶ 1. Again, this is completely unlike the case at bar, where defendant was convicted of armed robbery with a dangerous weapon—period—with no limiting or qualifying clause.

¶ 35    In all three cases cited by defendant, the defendant was acquitted of armed robbery with a firearm. See, *e.g.*, *People v. Barnett*, 2011 IL App (3d) 090721, ¶ 1 (the defendant was charged with armed robbery with a firearm, and the jury found him guilty of armed robbery but acquitted him of armed robbery with a firearm). By contrast, in the case at bar, defendant was not acquitted of anything. For all these reasons, we find that *Clark*, *Spencer*, and *Barnett* have little bearing on the case at hand.

¶ 36    Lastly, defendant argues that the statute, under which he was indicted, defined a "dangerous weapon" as not including a firearm. That is incorrect. First of all, the argument that a firearm is not a dangerous weapon defies logic and common sense. Second, the statutory language does not support this argument. The subsection, which defendant analyzes, stated that a person can be found guilty of armed robbery if he committed robbery "armed with a dangerous weapon other than a firearm." 720 ILCS 5/18-2(a)(1) (West 2002). The words "other than" indicate that a firearm *is considered to be* a dangerous weapon, as we explain below.

¶ 37    "When the statute contains undefined terms, it is entirely appropriate to employ a dictionary to ascertain the plain and ordinary meaning of those terms." *People v. Davison*, 233 Ill. 2d 30, 40 (2009). The dictionary defines the phrase "other than" as "in addition to someone or something," and gives the following example in use: "Are you taking any science courses other than chemistry?" MacMillian Dictionary, www.macmilliandictionary.com/us /dictionary/american/other-than (last visited June 15, 2017). Obviously, chemistry *is* a science course, in the same way that a firearm *is* a dangerous weapon. The use of the phrase "other than" does not make chemistry any less of a science course or a firearm any less of a dangerous weapon. *Cf.* 720 ILCS 5/33A-1 (West 2016) (the armed violence statute defines the phrase "dangerous weapon" to include both firearms and other weapons).

¶ 38    Sections (a)(1) and (a)(2), when read together, stated that a person could be found guilty of armed robbery if he committed robbery while armed either with a firearm or "other" dangerous weapons. 720 ILCS 5/18-2(a)(1), (2) (West 2002); see also *Chatman*, 2016 IL App (1st) 152395, ¶ 30 (when interpreting a statute, we do not read a portion of it in isolation; instead, we read it in its entirety). Thus, we do not find persuasive defendant's argument that a firearm is not itself a dangerous weapon. *Washington*, 2012 IL 107993, ¶ 29 (the government's evidence was sufficient for the jury to find "that defendant used a gun as a dangerous weapon during the

commission" of an armed robbery), ¶ 37 (thus the jury "could have found beyond a reasonable doubt that defendant was armed with a dangerous weapon").

¶ 39    As a result, we find no error where the indictment charged defendant of being armed with a firearm and he was convicted of being armed with a dangerous weapon. Defendant makes arguments as though he was convicted of being armed with a dangerous weapon *other than a firearm*. However, that is simply not what happened in his case.

¶ 40                                   CONCLUSION

¶ 41    For all the foregoing reasons, we do not find defendant's claims persuasive and therefore affirm the trial court's dismissal of his section 2-1401 petition.

¶ 42    Affirmed.

¶ 43    JUSTICE HALL, specially concurring:

¶ 44    I agree that the dismissal of the defendant's section 2-1401 petition should be affirmed. I write separately because the issue on appeal and addressed by the parties is whether the defendant's conviction and sentence are void. The majority's analysis submerges the voidness issue into whether the defendant set forth a meritorious defense. I offer the following analysis for clarification purposes only.

¶ 45    Where a section 2-1401 petition is filed outside the two-year limitations period and there is no basis to excuse the delay, the petition cannot be considered unless the opposing party agrees to waive the limitations period. *People v. Thompson*, 2015 IL 118151, ¶ 29. An exception exists where, as here, the defendant alleges his conviction and sentence are void. *Thompson*, 2015 IL 118151, ¶ 29; 735 ILCS 5/2-1401(f) (West 2012). A section 2-1401 petition seeking to vacate a void judgment, a purely legal issue, does not need to establish a meritorious defense or satisfy due diligence. *Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 48 (alleging that the judgment is void substitutes and negates the need to allege a meritorious defense and due diligence).

¶ 46    A voidness challenge to a final judgment under section 2-1401 that is exempt from the procedural bars in the statute is limited to three specific types of claims: (1) lack of personal or subject-matter jurisdiction, (2) the final judgment was based on a facially unconstitutional statute that is void *ab initio*, and (3) a challenge to a sentence that does not conform to the applicable sentencing statute. *Thompson*, 2015 IL 118151, ¶¶ 31-33. Our supreme court's decision in *People v. Castleberry*, 2015 IL 116916, abolished the void sentence rule, and therefore, this type of challenge is no longer valid. *Thompson*, 2015 IL 118151, ¶ 33; *Castleberry*, 2015 IL 116916, ¶ 19.

¶ 47    The defendant makes no claim that the trial court lacked personal jurisdiction or subject-matter jurisdiction. Nor does the defendant allege that the judgment of conviction and sentence were based on a facially unconstitutional statute that is void *ab initio*. The defendant alleges that his conviction and sentence are void because the indictment charged him with armed robbery with a firearm, but the jury found him guilty of armed robbery with a dangerous weapon, an offense with which he had not been charged. Under pre-*Castleberry* law, the lack of jurisdiction included the court's lack of power to render a particular judgment. *People v. Davis*, 156 Ill. 2d 149, 156 (1993). However, jurisdiction relates to the power of the court not

- 7 -

to the rights, even the fundamental rights, of the parties. *Davis*, 156 Ill. 2d at 157 (citing 21 C.J.S. *Courts* § 9 (1990)). As the court in *Davis* acknowledged:

> "However, jurisdiction or power to render a particular judgment does not mean that the judgment rendered must be the one that should have been rendered, for the power to decide carries with it the power to decide wrong as well as to decide right." *Davis*, 156 Ill. 2d at 156.

¶ 48 To the extent that the judgment of conviction and sentence in this case was based on a mistake of law, as the defendant argues, the judgment is not void but merely voidable. "[A] voidable judgment is one entered erroneously by a court having jurisdiction and is not subject to collateral attack." *Davis*, 156 Ill. 2d at 155-56. Since the judgment challenged by the defendant was only voidable, the defendant's challenge to his conviction and sentence on voidness grounds fails. As a result, the defendant's petition was subject to the procedural requirements set forth in section 2-1401. It is undisputed that the petition was filed beyond section 2-1401(f)'s two-year limitations period and was subject to dismissal.

¶ 49 Therefore, I concur with the majority's affirmance of the dismissal of the defendant's section 2-1401 petition.