2024 IL App (1st) 232401-U

FOURTH DIVISION
Order filed: February 22, 2024

No. 1-23-2401B

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

‒

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 2023 MC 111453101 |
| | ) | |
| | ) | |
| MARSHUN MAYWEATHER, | ) | Honorable |
| | ) | Maryham Ahmad, |
| | ) | Judge, Presiding. |
| Defendant-Appellant. | ) | |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Ocasio concurred in the judgment.

**ORDER**

¶ 1  *Held*: Finding that the statute creating the First Time Offenders Program, 730 ILCS 5/56-3.6 (West Supp. 2023) does not provide for probation as a sentence for Aggravated Unlawful Use of Weapon (AUUW) and that AUUW is a nonprobationable offense which can support the denial of pretrial release, we affirmed the trial court's order denying

the defendant pretrial release.

¶ 2    The defendant, Marshaun Mayweather, appeals from the circuit court's order of November 29, 2023, denying him pretrial release pursuant to Public Act 101-652, § 10-255 (eff. Jan. 1, 2023). Commonly known as the: Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) .  For the reasons which follow, we affirm.

¶ 3    The defendant was arrested on November 28, 2023.   On November 29, 2023, the State filed a verified Petition for Pretrial Detention Hearing pursuant to 725 ILCS 5/110-2, 110-6.1 (West Supp 2023).  That hearing was held on November 29, 2023.  At the time of the hearing, the defendant was charged with two counts of Aggravated Unlawful Use of a Weapon, class 4 felonies, and one count of Possession of a Stolen Moter Vehicle, a class 2 felony.

¶ 4    Prior to the State's proffer in support of its petition, the defendant's attorney interposed an objection, arguing that the offenses that the defendant was charged with are not the basis for pretrial detention.  According to counsel, the defendant is probation eligible on a charge of Aggravated Unlawful Use of a Weapon under the First Time Weapon Offense Program ( Program) set forth in 730 ILCS 5/5-6-3.6 (West Supp. 2023), and, therefore, he has not been charged with an offense for which  pretrial release may be denied.  He argued that ["t]he fact that there is a possibility that this could be probationable in and of itself makes it a nonqualifying offense."

¶ 5    In response, the State argued that the defendant is not eligible for the Program because the statute conditions the court's ability to sentence a defendant charged with Aggravated Unlawful Use of a Weapon to the Program on the consent of the State's Attorney which, at this time, has

---

[1] The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act."  Neither name is official, and neither appears in the Illinois Compiled Statures or the public act.

not been given. See 730 ILCS 5/5-6-3.6(a) (West Supp. 2023). According to the assistant State's Attorney, "the possibility of the First Time Weapon Offender probation being offered at a later stage does not bar the State from filing its petition at this juncture."

¶ 6    Following arguments on the issue, the trial court stated that it would agree with the defendant's position "if the first time gun offender probation language said specifically a defendant 'shall' receive [probation." According to the trial court, "if the drafters of the statute intended for everyone to receive probation, the statute would say 'shall be granted probation', and it would take out the language 'with consent of the defense attorney, State's Attorney, and the Court. That part would not be there." The trial court denied the defense motion to deny the filing of the State's petition and found that the "petition is properly before the court for the subsection (a)(6) through (6.5), other qualifying offense, aggravated unlawful use of a weapon."

¶ 7    Thereafter, the State made the following proffer. On November 28, 2023, at approximately 10:51 p.m., Chicago police officers on routine patrol observed a vehicle parked at a gas station. The license plate on the front of the vehicle was different from the one on the rear. An inquiry to LEADS revealed that the vehicle had been stolen in Calumet City on November 27, 2023. ¶ 8 The officers observed the vehicle leave the gas station and began following it. When the vehicle reached 1146 E. 94th Street, the driver exited the vehicle and started running on foot. The officers pursued the individual. As he fled, the driver, later identified as the defendant, dropped a cell phone in the rear yard of the property at 1146 E. 94th Street where he was taken into custody. After the defendant was taken into custody, the officers recovered a 9 mm semiautomatic handgun in the same yard where the defendant was apprehended. After being arrested and post Miranda warnings, the defendant admitted that he was driving the subject vehicle, that the 9 mm semiautomatic handgun had fallen from his pocket as he was running, and

that he did not have a FOID card or a concealed carry license. The defendant was charged with two counts of Aggravated Unlawful Use of a Weapon, and one count of Possession of a Stolen Vehicle.

¶ 9     The State also informed the court that, at the time of his arrest, the defendant was on pretrial release from an earlier charge of Aggravated Unlawful Use of a Weapon.

¶ 10     In response, the defendant's attorney argued that the State failed to meet its burden by clear and convincing evidence that the proof is evident and the presumption is great that the defendant possessed the gun for which he was charged. As to the charge of possession of a stolen motor vehicle, counsel argued that the defendant was of the belief that the subject vehicle belonged to a friend, and he was unaware that the vehicle was stolen. According to defense counsel, the State failed to prove by clear and convincing evidence that the defendant is a threat to any person or the community. The defendant has no prior convictions, and there is no indication that he ever caused bodily harm to any individual. Counsel also argued that the State failed to prove by clear and convincing evidence that there is no condition or combination of conditions, such as electronic monitoring or home confinement, that can be imposed to ameliorate whatever risk that the defendant does pose. Counsel informed the court that the defendant: is taking night classes to obtain his GED, is employed at his family's auto repair shop, is in training to work as an auto mechanic, is a life-long resident of Cook County, has lived at his current address for two months, and volunteers at his uncle's church. Defense counsel asserted that less restrictive conditions than detention would be appropriate.

¶ 11     Following the arguments of counsel, the trial court denied the defendant pretrial release. In its written order, the trial court found that the State has shown by clear and convincing evidence that: the proof is evident or the presumption great that the defendant has committed an eligible

offense as listed in 725 ILCS 5/110-6.1(a)(1)-(7) (West Supp 2023); and that the defendant poses a real and present threat to the safety of the community based on the fact that he continues to carry a loaded gun. The trial court also found that there are no less restrictive conditions that would avoid the real and present threat posed by the defendant because he was on pretrial release when he was arrested for the current charges which is the defendant's second arrest for gun charges this year. The trial court ordered the defendant detained and remanded him to the custody of the Cook County Sheriff. This appeal followed.

¶ 12    In resolving this appeal, we have considered the defendant's notice of appeal, the supporting record, the report of proceedings, the defendant's supporting memorandum, and the State's response memorandum.

¶ 13    In urging reversal of the order denying his pretrial release, the defendant has raised a single argument; namely, that he was not charged with an offense qualifying for the denial of pretrial release. He asserts that Aggravated Unlawful Use of a Weapon is a qualifying offense for pretrial detention only if it is nonprobationable. The defendant contends that Aggravated Unlawful Use of a Weapon is probationable if he meets the eligibility requirements for the Program. According to the defendant, he is eligible for the Program, and as a consequence, the offenses of Aggravated Unlawful Use of a weapon for which he is charged are not a qualifying offense for pretrial detention. During the detention hearing, defense counsel argued, in support of the defendant's eligibility for the Program, that: the weapons offenses for which the defendant is charged were not committed during the commission of a violent crime; he has not been convicted of, or placed on probation or conditional discharge for, any violent offense; the defendant has never been part of the Program before; he has never been adjudicated a delinquent minor for the commission of a violent crime; and there are no existing orders of protection issued against the defendant. See

730 ILCS 5/5-6-3.6(b) (West Supp 2023). The State offered no evidence contradicting the averments made by the defendant's counsel. The defendant's argument that Aggravated Unlawful Use of a Weapon is a probationable offense when the defendant is eligible for the Program presents us with a question of statutory construction which we review *de novo*. *People v. Begay,* 2018 IL App (1st) 150446, ¶ 40.

¶ 14 The State argues that "[t]he unambiguous language of the Act, coupled with the plain language of the AUUW [Aggravated Unlawful Use of a Weapon] statute, reflect the clear intent of the legislature to identify non-probationable gun violations as detainable, regardless of whether a defendant may be eligible for a diversionary program." We agree.

¶ 15 In construing a statute, our primary goal is to ascertain the intent of the legislature, the best indication of which is the plain and ordinary meaning of the statute. *People v. Miles*, 2017 IL App (1st) 132719, ¶ 25. Where the language of the statute is plain and unambiguous, we apply the statute without resort to further aids of statutory interpretation. *In re Lance H.*, 2014 IL 114899, ¶ 11. "When interpreting a statute, we do not read a portion of it in isolation; instead, we read it in its entirety, keeping in mind the subject it addresses and the drafters' apparent objective in enacting it." *Miles*, 2017 IL App (1st) 132719, ¶ 25. No rule of construction authorizes this court to declare that the legislature did not mean what the plain language of the statute imports, nor may we rewrite a statute to add provisions the legislature did not include. *People v. Clark,* 2019 IL 122891, ¶ 47.

¶ 16 Pretrial release is governed by article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West Supp 2023)). Under that statute, a defendant's pretrial release may only be denied in certain limited situations. 725 ILCS 5/110-2(a), 110-6.1 West Supp 2023). Upon the filing of a petition requesting an order denying the defendant's pretrial release, the State

has the burden to prove by clear and convincing evidence that, *inter alia,* the proof is evident or the presumption great that the defendant has committed a qualifying offense. 725 ILCS 5/1106.1(e) (West Supp 2023). The trial court may order a defendant detained pending trial if the defendant is charged with a qualifying offense, and the court concludes that the defendant poses a real and present threat to the safety of any person or the community (725 ILCS 5/110-6.1(a)(1)(7) (West Supp 2023)) or that there is a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8) (West Supp 2023)).

¶ 17 Section 110-2(a) of the Code (725 ILCS 5/110-2(a) (West Supp 2023)) provides that it is presumed that all persons charged with an offense are entitled to release on personal recognizance and may only be denied pretrial release if charged with an offense listed in section 110-6.1 of the Code and after the court has held a hearing under that section.

¶ 18    Section 110-6.1of the Code provides, in relevant part, that:

"(a) Upon verified petition by the State, the court shall hold a hearing and may deny a defendant pretrial release only if:

*\*\*\**

(6)  The defendant is charged with any of the following offenses under the Criminal Code of 2012, and it is alleged that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case:

*\*\*\*\*\**

(O) Non-probationable violations: (i) unlawful use or possession of weapons by felons or persons in the Custody of the Department of Corrections facilities (Section 24-1.1), (ii) aggravated unlawful use of a weapon (Section 24-1.6), (iii) aggravated possession of a stolen firearm (Section 24-3.9)." 725 ILCS 5/110-6.1(a)(6)(O) (West Supp 2023).

¶ 19 According to the defendant, Aggravated Unlawful Use of a Weapon can only form the basis for the denial of pretrial release if it is nonprobationable. He contends that, if an individual meets the eligibility requirements of the Program, he or she is eligible for a sentence other than imprisonment and that "[a]n eligible defendant would be facing a probationable offense and cannot be denied pretrial release." The defendant asserts that he is eligible for the Program, and as a consequence, the offense of Aggravated Unlawful Use of a Weapon with which he has been charged does not qualify under the statute for pretrial detention. We disagree.

¶ 20 Section 5-6-3.6 of the Unified Code of Corrections (Code of Corrections) created the Program and provides that "a court, with the consent of the defendant and the State's Attorney, may sentence a defendant charged with *** aggravated unlawful use of a weapon offense under Section 24-1.6 of the Criminal Code of 2012, if punishable as a Class 4 felony or lower, to a First Time Weapon Offense Program." 730 ILCS 5/5-6-3.6(a) (West Supp 2003). Section (b) of that statute provides that a defendant is ineligible for the Program under certain circumstances. See 730 ILCS 5/5-6-3.6(b) (West Supp 2003). Section 5-6-3.6(c) of the statute provides that:

"(c) For an offense committed on or after January 1, 2018 (the effective date of Public Act 100-3) whenever an eligible person pleads guilty to *** aggravated unlawful use of a weapon offense under Section 24-1.6 of the Criminal Code of 2012, which is punishable

as a Class 4 felony or lower, the court, with the consent of the defendant and the State's Attorney, may , without entering a judgment, sentence the defendant to complete the First Time Weapon Offense Program.  When the defendant is placed in the Program, the court shall defer further proceedings in the case until the conclusion of the period or until the filing of a petition alleging violation of a term or condition of the Program.  Upon violation of a term or condition of the Program, the court may enter a judgement on its original finding of guilt and proceed as otherwise provided by law.  Upon fulfillment of the terms and conditions of the Program, the court shall discharge the person and dismiss the proceedings against the person."   730 ILCS 5/5-6-3.6(c) (West Supp 2023).

Section 5-6-3.6(e) of the statute sets forth the conditions of the Program (see 730 ILCS 5/5-63.6(e)(1),(2),(7) (West Supp 2003)), and Section 5-6-3.6(f) sets forth additional conditions which a court may impose (see 730 ILCS 5/5-6-3.6(f)(1),(2),(3),(4),(5),(6) (West Supp 2003)).

¶ 21  The clear and unambiguous language of Section 110-6.1(a)(6)((O) of the Code provides that "Non-probationable" offenses such as aggravated unlawful use of a weapon may support the denial of pretrial release.   The Aggravated Unlawful Use of a Weapon offenses for which the defendant in this case was charged pursuant to Sections 24-1.6-A-1 and 24-1.6-A-2 of the Criminal Code of 2012 (720 ILCS 5/24-1.6-A-1, 5/24-1.6-A-2 (West 2022)) are Class 4 felonies, the sentence for which is "a term of imprisonment of not less than one year and not more than 3 years." 720 ILCS 5/24-1.6(d)(2) (West 2022).  The offenses are non-probationable, and contrary to the arguments of the defendant, the fact that an individual charged with those offenses may qualify for the First Time Weapon Offense Program does not make them probationable.

¶ 22 Throughout his argument the defendant refers to "first time weapon offense probation." However, the statute creating the Program does not provide for a sentence of probation.  In fact,

- 9 -

the word probation never appears in that statute. The statute creating the Program by its very terms establishes "diversion programs for non-violent offenders" charged with certain weapons offenses, including Aggravated Unlawful Use of a Weapon. 730 ILCS 5/5-6-3.6(a) (West Supp 2023).

¶ 23 Section 5-1-18 of the Code of Corrections defines probation as "a sentence or disposition of conditional and revokable release under the supervision of a probation officer." 730 ILCS 5/51-18 (West 2022). The sentence of an eligible defendant to complete the Program is not a judgment or disposition of conditional release under the supervision of a probation officer. None of the conditions of the Program set forth in sections 5-6-3.6(e) or (f) of the Code of Corrections provide for a release under the supervision of a probation officer. Unlike probation where the defendant is convicted and sentenced to a term of conditional and revokable release under the supervision of a probation officer, when a defendant is sentenced to complete the Program, the court is required to defer further proceedings and upon successful completion of the Program discharge the defendant and dismiss the proceedings against him or her. Participation in the Program is akin to supervision, not probation. Section 5-1-21 of the Code of Corrections defines supervision as a "disposition of conditional and revocable release without probationary supervision, but under such conditions and reporting requirements as are imposed by the court, at the successful conclusion of which disposition the defendant is discharged and a judgement dismissing the charges is entered." 730 ILCS 5/5-1-21 (West 2022). Successful completion of the Program and the successful conclusion of supervision share a common result, the defendant is discharged, and the charges are dismissed.

¶ 24 As noted earlier, the plain and unambiguous language of Section 110-6.1(a)(6)(O) of the Code provides that pretrial release may be denied if the defendant is charged with

"[n]onprobationable violations: (i) unlawful use or possession of weapons by felons or persons in the Custody of the Department of Corrections facilities (Section 24-1.1), (ii) *aggravated unlawful use of a weapon* (Section 24-1.6), (iii) aggravated possession of a stolen firearm (Section 24-3.9)." Emphasis added. Aggravated Unlawful Use of a Weapon offenses charged pursuant to sections 24-1.6-A-1 and 24-1.6-A-2 of the Criminal Code of 2012 are non-probationable. If the legislature intended to exclude Aggravated Unlawful Use of Weapons violations for which a defendant is eligible to be sentenced to the Program from the list of offenses for which pretrial release may denied, it could have done so, but it did not. We are not at liberty to add an exclusion to the statute that the legislature did not include. Simply put, pretrial release may be denied the defendant based upon the non-probationable offenses of Aggravated Unlawful Use of a Weapon for which he has been charged.

¶ 25 Having found that the Program does not provide for probation and that Aggravated Unlawful Use of a Weapon is a nonprobational offense which can support an order denying pretrial release, we need not address the question of whether the defendant is eligible for the program.

¶ 26 Other than arguing that he has not been charged with a nonprobationable offense which can support the denial of pretrial release, the defendant has raised no other argument for reversal of the trial court's order granting the State's petition for detention and remanding him to the custody of the Cook County Sheriff.

¶ 27    Affirmed.