2024 IL App (2d) 240077
No. 2-24-0077
Opinion filed April 30, 2024

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 24-CF-112 |
| BRIAN RODRIGUEZ, | ) ) ) | Honorable Charles D. Johnson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court, with opinion.
Justices Hutchinson and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1     The defendant, Brian Rodriguez, appeals from the trial court's order granting the State's

petition to deny him pretrial release under article 110 of the Code of Criminal Procedure of 1963

(Code) (725 ILCS 5/art. 110 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023).

See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of Pub. Act 101-

652); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September

18, 2023). For the following reasons, we affirm.

¶ 2                                    I. BACKGROUND

¶ 3     The defendant was charged with three counts of aggravated unlawful use of a weapon (720

ILCS 5/24-1.6(a)(1), (a)(3)(A); (a)(2), (a)(3)(C) (West 2022)), a Class 4 felony. One of the counts

alleged that the defendant possessed a loaded handgun on his person and he had not been issued a firearm owner identification card or a concealed carry license, a nonprobationable offense.

¶ 4    After his arrest, the State filed a petition to detain the defendant. 725 ILCS 5/110-6.1 (West 2022). The petition was based solely on verbal descriptions by the police to the state's attorney's office regarding statements by the defendant and another witness to the police; no written police synopsis was filed. The petition alleged that the defendant and his brother met with the victim, Willie Wright, to sell or trade a gun, and that during the incident the defendant discharged a firearm, killing Wright. He then fled the scene. When the police went to the defendant's home to arrest him, initially he would not come out. When the police entered the home, where he lived with his mother, they found a handgun, ammunition, and several firearm parts, including two disassembled assault-style rifles and a drum magazine. The petition further alleged that there was probable cause to show that the defendant committed the alleged offenses, which qualified as offenses justifying pretrial detention, that his pretrial release posed a real and present threat to the safety of any person or persons or the community, and that there was no condition or set of conditions that could be imposed that would mitigate that threat.

¶ 5    The first portion of the pretrial detention hearing focused on the defendant's objections that the State had not complied with the requirement to provide him with all of the evidence in its possession on which the petition was based. The trial court continued the hearing to the next day, ordering the State to check with police to see if there were any written reports of the alleged statements by the defendant and the other witness.

¶ 6    The next day, the hearing continued after the State produced a police report it had received. The State noted that the report was preliminary, as the police investigation was continuing. It also proffered a pretrial services report stating that the defendant had no convictions but had two pending charges: a 2021 charge of driving while under the influence of alcohol (DUI) and a 2022

juvenile criminal damage to property charge. Warrants for failure to appear were issued in both cases. The State repeated the facts set out above and argued that the charged offenses were nonprobationable and thus qualified the defendant for pretrial detention. It also argued that the firearm, parts, and ammunition found at the defendant's house showed that he posed a danger to the community and that condition or no combination of conditions could mitigate that risk.

¶ 7  The defense attorney argued that accounts of the incident reflected that the defendant shot Wright only after a gang member (presumably Wright, although the record is not entirely clear) "armed with an AR type rifle *** cocked and loaded and pointed that gun at" the defendant's brother and that the defendant shot Wright in defense of his brother. The defense pointed out that the validity of this self-defense/defense of others account was supported by the fact that the defendant was charged only with weapons offenses, not murder. The defense argued that, if the ongoing investigation established probable cause to bring murder charges, pretrial detention could be reconsidered, but the current charges did not support such detention. The defense further argued that, due to the defendant's young age (18 years old) and lack of any convictions of prior offenses, he was eligible for the first time weapon offense program. As this program was in the nature of probation, it could not be said that the charged offenses were "non-probationable" and thus the charges could not support pretrial detention. Finally, the defense argued that the State had not produced any actual evidence that the defendant posed a threat to the community or shown any reason why conditions short of detention such as home detention, an ankle monitor, and orders not to possess weapons or setting a curfew would not be sufficient to mitigate any such threat.

¶ 8  The trial court found that the State had met its burden to show why the defendant should be detained pending his trial. It first found that the defendant would not be eligible for the first time weapons offense program because, although it agreed that that program was in the nature of probation, the defendant's charged offenses were nonprobationable. It also found that the State

had carried its burden of showing that the defendant likely committed the charged offenses. As to any threat or danger posed by the defendant, the trial court found that he no longer posed a threat to Wright. Nevertheless, it found that the defendant posed a threat to the community, based on the evidence that the defendant discharged a gun in a public place, thereby endangering the safety of anyone in the vicinity, that the defendant had pled guilty to DUI when he was 18 years old, and that the defendant committed the present offense while on supervision for that DUI. The trial court also found that no conditions of release could mitigate the threat to the community and ensure that the defendant would appear at all future court dates and would not commit further offenses, given the two warrants issued that indicated that the defendant had failed to appear for court dates on other charges and the fact that he was charged with committing the current offenses while he was on supervision for a prior offense.

¶ 9    The defendant filed a timely notice of appeal.

¶ 10                                    II. ANALYSIS

¶ 11    In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). Under the Code, as amended, a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1(e).

¶ 12    As relevant here, upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove, by clear and convincing evidence, that (1) the proof is evident or the presumption great that the defendant has committed a qualifying offense (*id.* § 110-6.1(e)(1)), (2) the defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the community (*id.* § 110-6.1(e)(2)), and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community (*id.* § 110-6.1(e)(3)). "Evidence is clear and convincing if it leaves no reasonable doubt in the mind

of the trier of fact as to the truth of the proposition in question \*\*\*." *Chaudhary v. Department of Human Services*, 2023 IL 127712, ¶ 74.

¶ 13   On appeal, the defendant argues that none of the charges against him qualify him for pretrial detention, that the State did not meet its burden to show that he posed a real and present threat to the community that could not be mitigated by imposing conditions of release, and that the trial court erred in granting the State's petition. We take each argument in turn.

¶ 14   On the issue of whether he was charged with any offenses that qualified him for pretrial detention, the defendant first argues that he was not charged with any forcible felonies such as those listed in section 110-6.1(a)(1.5) of the Code (725 ILCS 5/110-6.1(a)(1.5) (West 2022)). He notes that the term "forcible felony" is defined in Illinois law, and neither of the statutes defining that term list Class 4 aggravated unlawful use of a weapon as a forcible felony. See *id.*; 720 ILCS 5/2-8 (West 2022). The trial court agreed that section 110-6.1(a)(1.5) did not apply in this case, and on appeal the State does not challenge this finding.

¶ 15   However, an offense may also be grounds for pretrial detention if it is one of the offenses enumerated in section 110-6.1(a)(6) of the Code, and that provision lists nonprobationable aggravated unlawful use of a weapon as a qualifying offense. 725 ILCS 5/110-6.1(a)(6)(O)(ii) (West 2022). The defendant argues that this provision does not apply to him, however, as he is eligible for the first time weapons offense program (see 730 ILCS 5/5-6-3.6 (West 2022)), which he contends is in the nature of probation. Thus, he argues, as to him, his charges are *not* "non-probationable."

¶ 16   The question of the proper interaction between section 110-6.1(a)(6)(O)(ii) of the Code and the first time weapons offense program presents an issue of statutory interpretation. In construing a statute, our task is to "ascertain and give effect to the legislature's intent." *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 41. The best indicator of the legislature's intent is the plain language

of the statute. *Id.* "When the statute's language is clear, it will be given effect without resort to other aids of statutory construction." *Lee v. John Deere Insurance Co.*, 208 Ill. 2d 38, 43 (2003). "A court may also consider the reason for the statute, the problems it seeks to remedy, the purposes to be achieved, and the consequences of interpreting the statute one way or another." *Sperl v. Henry*, 2018 IL 123132, ¶ 23.

¶ 17     The issue presented here was ably decided in *People v. Mayweather*, 2024 IL App (1st) 232401-U.[1] The reviewing court there carefully examined all of the relevant statutes. It began by noting that the statute defining the charged offense (720 ILCS 5/24-1.6(a)(1), (a)(3)(A), (d)(2) (West 2022)) (Class 4 aggravated unlawful use of a weapon) specifically provides that the offense is nonprobationable. *Mayweather*, 2024 IL App (1st) 232401-U, ¶ 21. The court next examined the first time weapons offense program created under section 5-6-3.6 (730 ILCS 5/5-6-3.6 (West 2022)) and concluded that, rather than providing for a sentence of probation after successful completion of the program, the statute required a dismissal of the charges against a participant. Thus, it was more like supervision:

> "Section 5-1-18 of the Code of Corrections defines probation as 'a sentence or disposition of conditional and revokable release under the supervision of a probation officer.' 730 ILCS 5/51-18 (West 2022). The sentence of an eligible defendant to complete the Program is not a judgment or disposition of conditional release under the supervision of a probation officer. None of the conditions of the Program set forth in sections 5-6-3.6(e) or (f) of the Code of Corrections provide for a release under the supervision of a probation

_____

[1] Although under Illinois Supreme Court Rule 23(e) unpublished decisions such as *Mayweather* are not precedential, such decisions issued after January 1, 2021 (as *Mayweather* was) may be cited for their persuasive value. Ill. S. Ct. R. 23(e) (eff. Feb. 1, 2023).

officer. Unlike probation where the defendant is convicted and sentenced to a term of conditional and revokable release under the supervision of a probation officer, when a defendant is sentenced to complete the Program, the court is required to defer further proceedings and upon successful completion of the Program discharge the defendant and dismiss the proceedings against him or her. *Participation in the Program is akin to supervision, not probation.*" (Emphasis added.) *Mayweather*, 2024 IL App (1st) 232401-U, ¶ 23.

See *People v. Coleman*, 2024 IL App (1st) 232064-U, ¶ 16 (agreeing that "[t]he Program is not a form of probation since it is not a sentence imposed following an entry of a judgment of conviction," but characterizing it as a diversion program rather than supervision). *Mayweather* held that, because no sentence of probation could be imposed under the first time weapon offense statute, that statute presented no contradiction to the statutes providing that Class 4 aggravated unlawful use of a weapon is nonprobationable. *Id.* ¶ 24.

¶ 18    We agree with Justice Hoffman's thorough analysis in *Mayweather* and hereby adopt it. Although the trial court here believed that participation in the first time weapon offense program was in the nature of probation, we do not accept that characterization for the reasons stated in *Mayweather*. See *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 192 (2007) ("[A] reviewing court can uphold the decision of the circuit court on any grounds which are called for by the record regardless of whether the circuit court relied on the grounds and regardless of whether the circuit court's reasoning was correct."). The defendant here was clearly charged with a qualifying offense under section 110-6.1(a)(6)(O)(ii) of the Code, and we reject his argument that the first time weapon offense program changed the nonprobationable nature of the offense with which he was charged.

¶ 19    The defendant next argues that the State did not meet its burden to show, by clear and convincing evidence, that he posed a real and present threat to the community that could not be mitigated by imposing conditions of release, and the trial court therefore erred in granting the State's petition. The defendant argues that the State's proffer did not contain "any real evidence or testimony" to support its arguments about his alleged dangerousness or the unworkability of imposing conditions of release in lieu of pretrial detention. We disagree. The State presented evidence that the defendant shot and killed someone; that he possessed a substantial number of disassembled firearms, parts, and ammunition; and that he committed the current offenses while on supervision for a prior offense. This evidence was sufficient to meet the State's burden and to provide a basis for the trial court's decision.

¶ 20    The defendant also complains that the State violated its obligations by failing to produce evidence in the possession of the police that his actions were undertaken in defense of his brother's life. However, this court has held that the statute requires only that the State provide a defendant with the evidence on which it based its petition. *People v. Morales*, 2023 IL App (2d) 230334, ¶ 8. The record discloses that the State complied with that obligation here.

¶ 21                                   III. CONCLUSION

¶ 22    For the reasons stated, the judgment of the circuit court of Lake County is affirmed.

¶ 23    Affirmed.

*People v. Rodriguez*, **2024 IL App (2d) 240077**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Lake County, No. 24-CF-112; the Hon. Charles D. Johnson, Judge, presiding. |
| **Attorneys for Appellant:** | Jed Stone, of Stone & Associates, Ltd., of Waukegan, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |