2024 IL App (1st) 240434-U

No. 1-24-0434B

Order filed May 7, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 MC 110028101 |
| | ) | |
| | ) | Honorable |
| COI DAWSON, | ) | Kelly McCarthy, |
| | ) | Judge, Presiding. |
| Defendant-Appellant. | ) | |

JUSTICE C.A. WALKER delivered the judgment of the court.
Presiding Justice Oden Johnson and Justice Tailor concurred in the judgment.

**ORDER**

¶ 1    *Held*:    We affirm the circuit court's denial of pretrial release where Appellant's charge of aggravated unlawful use of a weapon constitutes a detainable offense under the Pretrial Fairness Act despite his eligibility for the First Time Weapon Offense Program.

¶ 2    Appellant Coi Dawson appeals from the circuit court's denial of pretrial release pursuant to section 110-6.1(a) of the Code of Criminal Procedure of 1963 (Code) as recently amended by Public Acts 101-652, § 10-255 and 102-1104, § 70 (eff. Jan. 1, 2023) (725 ILCS 5/110-6.1(a)(1), (6) (West 2022)), and commonly referred to as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act or Pretrial Fairness Act (Act). On appeal, the defendant contends that he was

not charged with a detainable offense under the Act, and therefore, must be granted pretrial release. For the following reasons, we affirm the circuit court's order denying pretrial release.

¶ 3                                    I. BACKGROUND

¶ 4     Dawson was charged with possession of a controlled substance pursuant to section 402(C) of the Illinois Controlled Substances Act (720 ILCS 570/402(C) (West 2022)) and aggravated unlawful use of a weapon (AUUW) with no valid Concealed Carry license pursuant to subsection (a)(3)(A-5) and no valid Firearm Owner's Identification Card pursuant to subsection (a)(3)(C) of the Criminal Code of 2012 (720 ILCS 5/24-1.6(a)(1), (3)(A-5), (3)(C) (West 2022)). On February 15, 2024, the State filed a petition for pretrial detention hearing as well as a petition to revoke pretrial release on another pending case. The petition for pretrial detention hearing alleged (1) Dawson was charged with a detainable offense, namely, AUUW; (2) the proof is evident or the presumption great that he committed the offense of AUUW; (3) he poses a real and present threat to the safety of any person(s) or the community; and (4) no condition or combination of conditions can mitigate the risk posed by his release.

¶ 5     At the hearing on the petition, the State tendered a copy of the petition to defense counsel. Counsel objected, arguing Dawson is not charged with a detainable offense under the Act. According to counsel, the Act allows for pretrial detention of non-probationable AUUW offenses. The AUUW offense under which Dawson is charged, however, is probationable based on his eligibility for the First Time Weapon Offense Program, and therefore, he must be granted pretrial release. The State countered that Dawson's AUUW charge constitutes a non-probationable offense "per statute." The court overruled counsel's objection, determining that the AUUW offense "is non-probationable by statute" and the First Time Weapon Offense Program is "an exception that's under another statutory citation."

¶ 6    The case proceeded with the State presenting its proffer that Dawson poses a real and present threat to the safety of any person(s) or the community. On February 14, 2024, police officers conducted a traffic stop on a Jeep for having a tinted front windshield and a non-operational brake light. When the officers got to the window of the car, they observed Dawson holding a blunt in his right hand and smelled burnt cannabis emitting from the blunt. The officers asked Dawson to get out of the car, and as he exited, they saw the handle of a firearm protruding from Dawson's right pocket. The officers searched Dawson and found a Smith and Wesson .40 caliber semiautomatic handgun that was loaded with live rounds in the magazine and a round in the chamber. The officers also found one clear knotted bag of suspected cocaine. Dawson did not have any felony convictions. Dawson was charged with possession of a controlled substance in 2018 and sentenced to "1410 probation," which terminated satisfactory. The State is seeking leave to file a petition for revocation of pretrial release against Dawson on another pending AUUW charge.

¶ 7    During mitigation, defense counsel stated Dawson is 28 years old and has a home address where he could serve electronic monitoring. He graduated from Alan B. Shepard High School and worked full-time as a truck driver at King Wholesale. He financially supports his 10-year-old stepson and is a basketball coach for Robin Youth. He had community support in court. Counsel asserted Dawson did not pose a real and present threat based on the circumstances of the case. Dawson was cooperative with the police, did not make any movements that would cause the officers to fear for their safety, and has no violent convictions. Dawson is presumed innocent of the pending case, which is "possessory in nature" and involves a nonviolent offense. He completed probation satisfactorily suggesting that he is able to comply if released with more restrictive conditions.

3

¶ 8    The court found the State met its burden of proving by clear and convincing evidence that (1) the proof is evident or the presumption great that Dawson has committed a detainable offense; (2) he poses a real and present threat to the safety of any person(s) or the community based on specific articulable facts of the case; and (3) no condition or combination of conditions could mitigate the risk posed by his release. Based on its findings, the court denied pretrial release on the instant charge and revoked pretrial release in the pending case. This appeal followed.

¶ 9                                    II. JURISDICTION

¶ 10    The circuit court denied Dawson pretrial release on February 15, 2024. Dawson appealed on February 27, 2024. We have jurisdiction to review the court's order pursuant to article VI, section 6 of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023).

¶ 11                                    III. ANALYSIS

¶ 12    On appeal, Dawson challenges the circuit court's denial of pretrial release under the Act. Dawson argues section 110-6.1(a)(6)(O) of the Act provides only non-probationable violations of AUUW qualify for pretrial detention. Dawson further argues his AUUW charge is probationable because he is eligible for the First Time Weapon Offense Program, and therefore, his AUUW charge does not qualify him for pretrial detention under the Act. The State asserts that the unambiguous language of the Act and the AUUW statute reveal the legislature's intent to classify non-probationable gun violations as detainable regardless of whether the defendant is eligible for the Program.

¶ 13    This issue presents a question of statutory interpretation. The primary objective of statutory interpretation is to ascertain and give effect to the legislature's intent. *People v. Gutman*, 2011 IL 110338, ¶ 12. The most reliable indicator of legislative intent is the language of the statute, given its plain and ordinary meaning. *Id.* This court views the statute as a whole construing words and

4

phrases in light of other relevant statutory provisions and not in isolation. *Id.* Each word, clause, and sentence of a statute must be given a reasonable meaning, if possible, and should not be rendered superfluous. *Id.* The court may consider the reason for the law, the problems sought to be remedied, the purposes to be achieved, and the consequences of construing the statute one way or another. *Id.* We presume that the legislature did not intend to create absurd, inconvenient, or unjust results. *Id.* Statutory interpretation is a question of law, and our review is *de novo*. *Id.*

¶ 14　　Pretrial release is governed by article 110 of the Code. 725 ILCS 5/110-1 *et seq.* (West Supp. 2023). Section 110-2(c) provides that it is presumed that all persons charged with an offense are entitled to release on personal recognizance and may only be denied pretrial release if charged with an offense listed in section 110-6.1. 725 ILCS 5/110-2(a) (West Supp. 2023)). Relevant here, section 110-6.1(a)(6)(O) provides that the court should deny a defendant pretrial release if:

> "(6) the defendant is charged with the following offenses under the Criminal Code of 2012, and it is alleged that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case:
>
> * * *
>
> (O) *Non-probationable violations*: (i) unlawful use or possession of weapons by felons or persons in the Custody of the Department of Corrections facilities (Section 24-1.1), (ii) *aggravated unlawful use of a weapon (Section 24-1.6)*, or (iii) aggravated possession of a stolen firearm (Section 24-3.9)." 725 ILCS 5/110-6.1(a)(6)(O) (West Supp. 2023).

¶ 15　　Section 24-1.6(d) of the Criminal Code of 2012 (720 ILCS 5/24-1.6(d) (West 2022)) provides the sentencing guidelines for the offense of aggravated unlawful use of a weapon. This provision provides:

"(d) Sentence.

(1) Aggravated unlawful use of a weapon is a Class 4 felony; a second or subsequent offense is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years, except as provided for in Section 5-4.5-110 of the Unified Code of Corrections.

(2) Except as otherwise provided in paragraphs (3) and (4) of this subsection (d), a first offense of aggravated unlawful use of a weapon committed with a firearm by a person 18 years of age or older where the factors listed in both items (A) and (C) or both items (A-5) and (C) of paragraph (3) of subsection (a) are present is a Class 4 felony, for which the person shall be sentenced to a term of imprisonment of not less than one year and not more than 3 years.

(3) Aggravated unlawful use of a weapon by a person who has been previously convicted of a felony in this State or another jurisdiction is a Class 2 felony for which the person shall be sentenced to a term of imprisonment of not less than 3 years and not more than 7 years, except as provided for in Section 5-4.5-110 of the Unified Code of Corrections.

(4) Aggravated unlawful use of weapon while wearing or in possession of body armor as defined in Section 33F-1 by a person who has been issued a valid Firearms Owner's Identification Card in accordance with Section 5 of the Firearm Owners Identification Card Act is a Class X felony." *Id.*

¶ 16    The legislature created a diversion program for first-time, non-violent offenders charged with aggravated unlawful use of a weapon. 730 ILCS 5/5-6-3.6 (West Supp. 2023). "Under the program, a court, with the consent of the defendant and the State's Attorney, may sentence a defendant charged with an *** aggravated unlawful use of a weapon offense under section 24-1.6

6

of the Criminal Code of 2012, if punishable as a Class 4 felony or lower, to a First Time Weapon Offense Program." 730 ILCS 5/5-6-3.6(a) (West Supp. 2023). Section 5-6-3.6(c) details the procedures surrounding a defendant sentence to complete the program. 730 ILCS 5/5-6-3.6(c) (West Supp. 2023). It provides:

"For an offense committed on or after January 1, 2018 (the effective date of Public Act 100-3) whenever an eligible person pleads guilty to an unlawful use of weapons offense under Section 24-1 of the Criminal Code of 2012 or aggravated unlawful use of a weapon offense under Section 24-1.6 of the Criminal Code of 2012, which is punishable as a Class 4 felony or lower, the court, with the consent of the defendant and the State's Attorney, may, without entering a judgment, sentence the defendant to complete the First Time Weapon Offense Program. When a defendant is placed in the Program, the court shall defer further proceedings in the case until the conclusion of the period or until the filing of a petition alleging violation of a term or condition of the Program. Upon violation of a term or condition of the Program, the court may enter a judgment on its original finding of guilt and proceed as otherwise provided by law. Upon fulfillment of the terms and conditions of the Program, the court shall discharge the person and dismiss the proceedings against the person." *Id.*

¶ 17　　Considering the statutes altogether, we find persuasive *People v. Mayweather*, 2024 IL App (1st) 232401-U, in which another panel of this court held the offense of AUUW was a non-probationable violation qualifying for pretrial detention under the Act despite the defendant's eligibility for the First Time Weapon Offense Program. The defendant in *Mayweather* was charged with two counts of AUUW and one count of possession of a stolen motor vehicle. *Id.* ¶ 3. At the detention hearing, defense counsel argued the defendant was not charged with a non-probationable violation of AUUW pursuant to the Act because he was probation eligible under the Program. *Id.*

¶ 4. The circuit court rejected counsel's argument and ultimately denied pretrial release. *Id.* ¶¶ 6, 11.

¶ 18    The appellate court affirmed, determining the defendant's AUUW charge was a non-probationable offense, and therefore, he qualified for pretrial detention under the Act. *Id.* ¶¶ 21-27. The court found the plain language of the AUUW statute revealed the defendant's charged offense does not qualify for probation. *Id.* ¶ 21. The court further found the Program's structure distinguishable from probation. *Id.* ¶¶ 21-23. Turning to the statutory definition of probation, the court explained, when a court imposes probation, a defendant is convicted and sentenced to a term of conditional and revocable release under the supervision of a probation officer whereas, when a defendant is sentenced to complete the Program, the court defers entering judgment, and upon successful completion of the program, dismisses the proceedings against him. *Id.* ¶ 23. The court likened the program to supervision where the defendant's charges are also dismissed at the successful completion of the court's ordered conditions. *Id.* Lastly, the court stated the Act does not exclude those charged with AUUW and eligible for the Program from the list of those whom the court may deny pretrial release. *Id.* ¶ 24.

¶ 19    We find the same reasoning in *Mayweather* applies to this case. The plain language of section 110-6.1(a)(6)(O) of the Act states that non-probationable violations of AUUW qualify for pretrial detention. The AUUW statute provides that when a first time offense is committed with a firearm by a person 18 years or older, and the factors listed in subsections (a)(3)(A-5) and (a)(3)(C) are present, the offender "shall be sentenced to a term of imprisonment of not less than one year and not more than 3 years." 720 ILCS 5/24-1.6(d)(2) (West 2022). This provision indicates that Dawson's AUUW charge is a non-probationable violation, and therefore, qualifies for pretrial detention under the Act.

¶ 20       Dawson argues that the legislature intended the Program to be akin to probation because (1) the program appears under article 6 titled "Sentences of Probation and Conditional Discharge"; (2) the program is facilitated under the Administrative Office of Illinois Courts' Probation Services; and (3) the program is commonly understood to be probation by the general public and legal community. Dawson further argues the program is similar to the "supervision-like" probation the court may impose pursuant to section 410 of the Illinois Controlled Substances Act (720 ILCS 570/410(f) (West 2022)). Dawson argues, like the Program, section 410 probation allows the court to withhold its judgment and sentence a person charged with no previous felony background to probation. If the person fulfills the conditions of his probation, the court must discharge the person and dismiss the proceedings.

¶ 21       We find these characteristics do not address whether the legislature intended the Program to qualify as probation. When ascertaining the legislature's intent, we must first look to the plain language of a statute. *Gutman*, 2011 IL 110338, ¶ 12. Significantly, the word "probation" only appears once as a factor indicating a defendant's ineligibility for the Program.[1] See 730 ILCS 5/5-6-3.6(b)(2) (West Supp. 2023) ("A defendant is not eligible for this Program if *** he or she has previously been convicted or placed on *probation* or conditional discharge for any violent offense under the laws of the State, the laws of any other state, or the laws of the United States" (emphasis added)). Under the rules of statutory interpretation, we will not construe the statute to read into it any exceptions, limitations, or conditions that the legislature did not express. See *People v. Shinaul*, 2017 IL 120162, ¶ 17. We also note that the legislature's use of the word "probation" in other sections under article 6 indicates the legislature's intent to not classify the Program as

---

[1] The *Mayweather* court stated that the word probation never appeared in the statute creating the Program. *Mayweather*, 2024 IL App (1st) 232401-U, ¶ 22. We clarify that the word appears once in subsection (b)(2) but adds no significance to whether the Program constitutes probation. See 730 ILCS 5/5-6-3.6(b)(2) (West Supp. 2023).

probation. Compare 730 ILCS 5/5-6-3.6 (West Supp. 2023) (First Time Weapon Offense Program), with 730 ILCS 5/5-6-3.4 (West 2022) (Second Chance Probation); see *People v. Edwards*, 2012 IL 111711, ¶ 27 ("Where language is included in one section of a statute but omitted in another section of the same statute, we presume the legislature acted intentionally and purposely in the inclusion or exclusion.").

¶ 22    Dawson lastly contends that if we find the language of section 110-6.1(a)(6)(O) of the Act ambiguous, we should apply the rule of lenity and find that he was not charged with a detainable offense. Because we find the plain language of the applicable statutory authority dictates that the AUUW offense at issue constitutes a non-probationable violation under the Act, we reject Dawson's argument that the rule of lenity applies here. See *People v. Fiveash*, 2015 IL 117669, ¶ 34 ("If the statutory language is unambiguous, we will not resort to additional statutory construction tools.").

¶ 23    Therefore, we find Dawson's AUUW charge is a detainable offense under the Act and the circuit court may deny pretrial release. Based on our finding, we need not determine whether Dawson is eligible for the Program, and we take no position on that issue at this time. We also note that Dawson does not raise any other challenges to the circuit court's denial of pretrial release, and therefore, our resolution of the detainable offense issue is dispositive of this appeal.

¶ 24                              IV. CONCLUSION

¶ 25     We affirm the circuit court's denial of pretrial release.

¶ 26    Affirmed.